46 CCPA

**STAR WATCH CASE COMPANY,**
**Appellant,**

v.

**Gebruder JUNGHANS, A. G., Appellee.**

**Patent Appeal No. 6441.**

United States Court of Customs
and Patent Appeals.
June 30, 1959.

---

8. In re Duvernoy & Sons, Inc., supra.

9. Steem-Electric Corp. v. Herzfeld-Phillipson Co., supra.

William E. Schuyler, Jr., Washington, D. C. (Francis C. Browne and Andrew B. Beveridge, Washington, D. C., of counsel), for appellant.

Watson, Cole, Grindle & Watson, Washington, D. C. (F. M. deRosa, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Associate Judges, and Judge WARREN E. BURGER.[1]

SMITH, Judge.

The Commissioner of Patents, acting through the Examiner-in-Chief, affirmed the decision of the Examiner of Interferences which dismissed the present

---

1. United States Circuit Judge for the United States Court of Appeals for the District of Columbia Circuit, designated to participate *in place of Judge O'Connell*, pursuant to the provisions of Title 28 United States Code, § 291(b).

trademark opposition instituted by appellant Star Watch Case Company. See 115 U.S.P.Q. 34.

The mark sought to be registered by appellee, for watches and clocks and parts thereof, consists of the letter "J" surrounded by an eight-pointed border as shown in the following facsimile:

Appellant bases the opposition upon four registered marks used by it on "watch cases." The marks are shown in the following facsimiles:

Registration No. 84,196

Registration No. 195,577

Registration No. 263,981

Registration No. 586,651

■■ The principal issue here, which is determinative of all the issues raised by appellant's notice of appeal is: Does appellee's mark shown in its opposed application, serial No. 657,612, when applied to its goods, so nearly resemble any or all of appellant's registered trademarks as to be likely to cause confusion or mistake or to deceive purchasers as to the source or origin of the goods to which it is applied?

■■■ The determination of this issue requires that we evaluate the marks for the purpose of determining their probably impact upon potential purchasers as the marks would be encountered on the products of the respective parties in their usual markets. This evaluation is subjective and requires, among other things, a consideration of the probable psychological reactions of potential purchasers to the respective marks. Leeds, "Trademarks—The Rationale of Registrability," 26 George Washington Law Review, 653, 660.

■ In making such a subjective evaluation, prior decisions are of little value. Each case must rest upon its own distinctive fact situation. Kitchen-Quip, Inc. v. Sunbeam Corp., 222 F.2d 265, 42 CCPA 869.

Our evaluation of the marks here in issue agrees with the detailed evaluation of the respective marks as set forth in the Commissioner's decision.

No testimony was taken by either party, so our evaluation, as were the evaluations in the decisions below, must be based essentially on what we find in the opposed application and in opposer's registrations.

■ Appellee's mark is a composite mark consisting of the letter "J" enclosed in an eight pointed border design. It is our view that the effect of this mark is to create a unitary psychological impression in the mind of the purchaser which is so distinct from the impressions created by any or all of appellant's said marks that there is no likelihood of confusion or mistake as to the source of origin of the goods on which the respective marks are used.

We are unable to find from the record before us any facts which show a likelihood of confusion between appellee's opposed mark and appellant's mark "Starwhite" shown in its registration No. 263,981. The differences between the marks which preclude any possibility

of confusion are so obvious as to require no discussion.

Neither do we find any reasonable likelihood of confusion between appellee's opposed mark and appellant's registrations Nos. 84,196 and 195,577 in which the word "Star" is used. The eight pointed border design used in appellee's mark does not, in our opinion, suggest the word "Star."

We come now to a consideration of appellant's position that there is a likelihood of confusion between the border design of appellee's mark and appellant's five pointed star shown in its registrations Nos. 195,577 and 586,651. This position is based upon two assumptions, neither of which we are willing to accept:

(1) That the dominant feature of appellee's mark is the eight pointed border design, and

(2) That this eight pointed border design of appellee's mark is a "star."

As to appellant's first assumption, it is our opinion, as indicated above, that appellee's mark is a unitary, composite mark and that such a mark should not be broken down into its individual components in deciding the issues here presented. In appellee's mark, as we view it, the initial "J" and the border design together create a single unitary impression on the mind of the purchaser. In this mark, the border design alone is not the dominant feature.

As to appellant's second assumption, we cannot agree that the impression created by appellee's mark when taken as a whole suggests a star or is likely to cause confusion with appellant's use of a conventional five pointed star figure outline.

The figure outline of the five pointed star shown in appellant's said registrations is the visual image commonly associated with the word "star." Appellant's registrations which show the star figure show it as a separate entity. Nothing is placed inside the star figure outline which modifies or changes the psychological impression that the figure is that of a conventional five pointed star. It is our opinion that appellee's use of an eight pointed border design around the letter "J" creates an entirely different impression from the impression created by appellant's marks.

While the word "star" admittedly may describe a figure of more than five points, we are not here concerned with semantics. We must look instead to the respective marks of the parties. As used in appellant's registrations, the word "star" has been long associated with the conventional five pointed star figure outline. Appellee's mark uses a distinct and different figure outline for its border around the letter "J." To call this border a "star" merely confuses the issue. The marks themselves are distinct and create entirely different phychological impressions.

In arriving at these conclusions, we have considered the circumstances surrounding the purchase of watches and clocks and the impressions created by the respective marks. We also have considered that both marks may be used on watch cases. However, we do not consider this to be a determining factor. We do not think any of the probable purchasers of either appellant's or appellee's goods would be confused or mislead as to the sources of watch cases or of parts for watches and clocks, which they might purchase and which would be identified by the marks here involved.

■ We have reviewed appellant's claim of estoppel which it bases upon appellee's rejected and abandoned application, serial No. 655,524. While we question whether this application is properly before the court in this proceeding, we have considered it. We agree with the decision below that such application does not create an estoppel. We think that such inferences as may be drawn from the history of this application support our view that the marks here in issue are different and that confusion is not likely between the mark sought to be registered and opposer's marks.

■ We also have considered appellant's position based on the showing of appellee's marks in its 1898 catalogue. On the record here before us we question

the probative value of this catalogue. We have, however, considered it in passing on the question of the nature of the mark appellee seeks to register. This catalogue shows appellee's mark used as a seal or symbol in which the letter "J" is prominently displayed in the eight pointed border design. In our opinion, appellee's catalogue thus tends to support our view that its mark sought to be registered is a composite mark. We do not find in this catalogue any suggestion of the five pointed star figure outline of appellant's registered marks except in one instance where it is used as a border design for the letter "J."

It seems to us, the dominant and distinctive feature of appellee's mark is its use of the letter "J" displayed in the eight pointed border design as the composite mark sought to be registered. It is our opinion that this mark is not likely to cause confusion with any of appellant's registered marks upon which the present opposition is based.

The decision of the Commissioner is affirmed.

Affirmed.

BURGER, J., did not participate in decision.