**In the Matter of the Application of QUIK–PRINT COPY SHOPS, INC.**

**Appeal No. 79–613.**

United States Court of Customs and Patent Appeals.

March 13, 1980.

---

Arland T. Stein, Pittsburgh, Pa., attorney of record for appellant; Frederick H. Colen and Frederick L. Tolhurst, Pittsburgh, Pa., of counsel.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents and Trademarks; Jere W. Sears, Washington, D. C., of counsel.

Donald R. Fraser, Vincent L. Barker, Jr. and Lynda E. Roesch of Wilson, Fraser, Barker & Clemens, Toledo, Ohio, attorneys of record for Quickprint, Inc.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges, and FORD,* Judge.

MILLER, Judge.

This is an appeal from a decision of the Patent and Trademark Office ("PTO") Trademark Trial and Appeal Board ("board"),[1] affirming the examiner's refusal to register applicant-appellant's service mark QUIK–PRINT on the principal register as "merely descriptive" within the meaning of section 2(e)(1) of the Lanham Act.[2] We affirm.

*Background*

According to the application to register,[3] the mark is for the services of printing, photocopying, collating, binding, cutting, drilling, folding, padding, stapling, and perforating in the area comprising the District of Columbia and states of N.Y., Pa., N.J., Del., Md., Va., and W.Va. Two "exceptions" to applicant's right to exclusive use are set forth: (1) a mark consisting of a fanciful KP and the words KWIK PRINT for printing services, Registration No. 981,-740, owned by Kwik Print, Inc., of Coral Gables, Florida; (2) a mark, QUIK PRINT and arrow design, for the services of reproducing documents and forms, Registration No. 997,747,[4] owned by Quik Print, of Wichita, Kansas. The application also states that applicant is "informed" of nineteen state registrations and "concomitant users" of the same or similar marks.

The only issue before the board was the correctness of the examiner's refusal to register under section 2(e)(1) of the Lanham Act on the ground that the mark as applied to the stated services is merely descriptive thereof.[5] The board, in affirming the examiner, said (203 USPQ at 627):

> ly descriptive or deceptively misdescriptive of them . . ..

Section 3 (15 U.S.C. § 1053) provides for registration of service marks, subject to applicable provisions relating to the registration of trademarks.

---

* The Honorable Morgan Ford of the United States Customs Court, sitting by designation.

1. Reported at 203 USPQ 624 (1979).

2. 15 U.S.C. § 1052(e)(1) provides:

   No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register account of its nature unless it—

   .    .    .    .    .

   (e) Consists of a mark which, (1) when applied to the goods of the applicant is mere-

3. Serial No. 41,964, filed January 17, 1975.

4. The registration states that is is under section 2(f) (of the Lanham Act).

5. The examiner correctly pointed out that affirmance on this ground of refusal would moot a concurrent use proceeding.

In the instant case, applicant is claiming use of the mark "QUIK–PRINT" for printing and duplication, which falls within the general category of "printing" [See: "The Random House College Dictionary"]. Thus, the question is what meaning, if any, does the term "QUIK–PRINT" invoke as to these services. There is no doubt but that "QUIK–PRINT" is the equivalent of "QUICK–PRINT" and would be readily recognized as such, the word "QUICK" obviously would be equated with fast and promptly and when used with the word "PRINT" would immediately convey to customers that applicant's printing or duplication services will be rendered or completed in a short time or quickly. And since the "SAME–DAY SERVICE" offered by applicant through its advertising material emphasizes this quick service and attempts thereby to capitalize on it, it is obvious this is a desirable service and a desirable aspect of applicant's services that is conveyed to applicant's customers and potential customers by the term "QUIK–PRINT". Thus, "QUIK–PRINT" is equated with "FAST–PRINT" and therefore constitutes a term that others in the trade should be free to utilize in describing the speed in which they render their services. The aptness or desirability of the use of this term is demonstrated by the some twenty users of the same or a similar mark in connection with similar services noted by applicant in its application. Applicant has attempted to denigrate such use by urging that such use, as in its case, merely reflects a suggestive use of the term. However, it is believed that the widespread use of the term "QUIK–PRINT" throughout the United States by others including a number in the same state tends to establish that the term has lost whatever suggestiveness it may have possessed and has taken on and projects a descriptive signif-

icance of quick or fast printing services to the general public. . . .

The board further said that a registration on the supplemental register of QUIK PRINT,[6] along with the other registrations of record, indicates that the practice of the PTO is to treat QUIK–PRINT as merely descriptive and to allow registration on the principal register only after a showing of secondary meaning under section 2(f) of the Lanham Act. It found "nothing in this record to establish that applicant has achieved a recognition or a secondary meaning in the mark 'QUIK–PRINT' in its marketing area." 203 USPQ at 627.

## OPINION

A mark is merely descriptive [7] if it immediately conveys to one seeing or hearing it knowledge of the ingredients, qualities, or characteristics of the goods or services with which it is used; whereas, a mark is suggestive if imagination, thought, or perception is required to reach a conclusion on the nature of the goods or services. *In re Abcor Development Corp.*, 588 F.2d 811, 813–14, 200 USPQ 215, 217–18 (CCPA 1978). Registration will be denied if a mark is merely descriptive of *any* of the goods or services for which registration is sought. *In re American Society of Clinical Pathologists*, 58 CCPA 1240, 442 F.2d 1404, 169 USPQ 800 (1971). Therefore, the dispositive question is whether the mark QUIK–PRINT is merely descriptive of any of appellant's services.

Appellant argues that although the words "quick" and "print" used individually are well-known, mundane words useful to the trade, the term QUIK–PRINT is a fanciful and distinctive term not ordinarily usable in the trade to describe any quality, characteristic, or ingredient of the service; that, at most, the mark suggests to the

---

6. Supplemental Registration No. 908,296, for QUIK PRINT and arrow design for the service of reproducing documents and forms, also owned by Quik Print, Inc., of Wichita, Kansas.

7. In this context, "merely" is considered to mean "only:" *In re Colonial Stores*, 55 CCPA 1049, 1053, 394 F.2d 549, 552, 157 USPQ 382, 385 (1968).

consumer, after perception and analysis, that appellant can perform printing services within a short period of time; and that the board's use of perception, logical analysis, and mental gymnastics to prove that QUIK–PRINT is merely descriptive actually demonstrates that the mark is suggestive.[8]

We do not agree. One of the services provided by appellant is printing. Clearly the term "QUIK"[9] describes one of the qualities or characteristics of this service, namely: the speed with which it is done. Such speed is emphasized in appellant's advertising brochure, which offers a "SAME–DAY SERVICE." Because this quality or characteristic of appellant's service comes immediately to mind, we are satisfied that the mark QUIK–PRINT is merely descriptive. The board, contrary to appellant's argument, did not make use of perception, logical analysis, and mental gymnastics to prove that QUIK–PRINT is merely descriptive. Rather, it set forth a reasonable explanation in support of its finding that QUIK–PRINT would immediately convey knowledge of the essential character of appellant's service.

The decision of the board is *affirmed*.

*AFFIRMED.*

---

**8.** Appellant relies heavily on *In re Kopy Kat, Inc.*, 498 F.2d 1379, 182 USPQ 372 (CCPA 1974) (WE PRINT–IT IN A MIN–IT, held to be highly suggestive of printing services). However it is well established that each case involving a trademark (or service mark) stands on its own facts, and prior decisions are of little value. *Star Watch Case Co. v. Gebruder Jun-*

*ghans, A. G.,* 46 CCPA 929, 267 F.2d 950, 122 USPQ 370 (1959). Thus, contrary to appellant's argument, whether or not others in the trade use QUIK–PRINT or its equivalent in a service-mark sense is not dispositive.

**9.** There is no legally significant difference here between "quik" and "quick."