871 F.2d 1097
 10 U.S.P.Q.2d 1879
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re ANALOG DEVICES.
 No. 89-1029.
 United States Court of Appeals, Federal Circuit.
 March 23, 1989.
 
 Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and NIES, Circuit Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Analog Devices, Inc. (ADI) appeals from the decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board refusing to register, as a trademark for a long list of high-technology, electronic, data communications devices, the mark ANALOG DEVICES as shown in Application Serial No. 543,943, filed June 20, 1985. In re Analog Devices, Inc., 6 USPQ2d 1808 (TTAB 1988) (as adhered to and incorporated on remand in In re Analog Devices, Inc. (TTAB July 19, 1988)). The board found that the mark "is a generic or common descriptive designation for products such as those of applicant and that the term 'ANALOG DEVICES' is legally incapable of distinguishing applicant's goods from those of others regardless of the existence of evidence of de facto secondary meaning." 6 USPQ2d at 1809. We affirm.
 
 OPINION
 
 2
 A term is generic when members of the relevant public primarily use or understand the term to name a genus of goods. A generic name is "in fact the ultimate in descriptiveness." H. Marvin Ginn Corp. v. International Ass'n of Fire Chiefs, Inc., 782 F.2d 987, 989, 228 USPQ 528, 530 (Fed.Cir.1986). The burden of showing that a mark sought to be registered is generic rests upon the Patent and Trademark Office (PTO), In re Merrill Lynch, Pierce, Fenner, & Smith, Inc., 828 F.2d 1567, 1571, 4 USPQ2d 1141, 1143 (Fed.Cir.1987), and was fully met. Indeed, ADI conceded at oral argument that the PTO made a prima facie showing that ADI's mark is generic. Consequently, ADI's only contention is that it has produced evidence which rebuts the PTO's prima facie case.
 
 
 3
 Evidence which would rebut the board's proof of genericness would have to show that the term "analog devices" is not the common name of a category or class of devices having analog capabilities, i.e., devices which operate with variables represented by continuously measured quantities. ADI produced no evidence of that type.
 
 
 4
 ADI's evidence shows only that the relevant public may also have come to associate ADI with the term "analog devices" even though it is generic. Such evidence does not, indeed cannot, rebut genericness. See H. Marvin Ginn Corp., 782 F.2d at 989, 228 USPQ at 530 (while term remains generic, it can never be registered as a trademark because it is incapable of acquiring de jure distinctiveness); In re Merrill Lynch, Pierce, Fenner, & Smith, Inc., 828 F.2d at 1569, 4 USPQ2d at 1142 ("Generic terms, by definition incapable of indicating source, are the antithesis of trademarks, and can never attain trademark status."); In re Northland Aluminum Prods., Inc., 777 F.2d 1556, 1560, 227 USPQ 961, 964 (Fed.Cir.1985) ("Bundt" common descriptive name for type of cake and evidence of de facto secondary meaning cannot change that result); E.C. Vandenburgh, III, Trademark Law & Procedure Sec. 4.30 at 88-89 (2d ed. 1968).
 
 
 5
 Consequently, the board's finding that ANALOG DEVICES is unregistrable because generic or commonly descriptive has not been shown to be clearly erroneous; indeed, it is amply supported by the record. See In re Merrill Lynch, Pierce, Fenner, & Smith, Inc., 828 F.2d at 1570, 4 USPQ2d at 1143 (question whether mark generic or merely descriptive is one of fact reviewed for clear error). Accordingly, the decision of the board is affirmed.