THIS OPINION IS A PRECEDENT OF THE TTAB
Mailed:
November 13, 2008
Bucher

**UNITED STATES PATENT AND TRADEMARK OFFICE**
————

**Trademark Trial and Appeal Board**
————

In re Paul Leonhardt
—————

Serial No. 78666879
————

Michael Cerrati and John Alumit of Patel & Alumit, P.C. for
    Paul Leonhardt.

Yat-sye I. Lee, Trademark Examining Attorney, Law Office 107
    (J. Leslie Bishop, Managing Attorney).
—————

Before Bucher, Holtzman and Rogers, Administrative Trademark
    Judges.

Opinion by Bucher, Administrative Trademark Judge:

Paul Leonhardt seeks registration on the Principal

Register of the mark **BOBBLE POPS** *(in standard character*

*format)* for goods identified as "candy" in International

Class 30.[1]

The Trademark Examining Attorney refused registration

on the ground that the term is merely descriptive when

---

[1]    Application Serial No. 78666879 was filed on July 8, 2005
based upon applicant's allegation of a *bona fide* intention to use
the mark in commerce.  On December 5, 2007, applicant filed its
statement of use, claiming first use anywhere and first use in
commerce at least as early as October 15, 2006.  Applicant makes
no claim to the word "Bobble" apart from the mark as shown.

considered in relation to applicant's identified goods under Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1), i.e., that the term "Bobble Pops" immediately informs potential purchasers about an important function, feature or use of applicant's candy.

After the Trademark Examining Attorney made the refusal final, applicant appealed to this Board. Applicant and the Trademark Examining Attorney have fully briefed the issues involved in this appeal.

We affirm the refusal to register.

Applicant argues that its composite mark is suggestive; that applicant's specimens do not evidence descriptiveness of the word "pops"; that the Trademark Examining Attorney's evidence of descriptiveness is insufficient; that the United States Patent and Trademark Office does not regularly view the word "Pops" as descriptive; and that any doubt about whether this term is descriptive or suggestive should be resolved in favor of applicant.

By contrast, the Trademark Examining Attorney argues that the evidence of record clearly demonstrates that the commercial impression of applicant's alleged mark, examined in its entirety in relation to applicant's identified goods,

immediately conveys information about the bobble head feature and lollipop genus of applicant's candy.

A mark is merely descriptive, and therefore unregistrable pursuant to the provisions of Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1), if it immediately conveys "knowledge of a quality, feature, function, or characteristic of the goods or services." *In re Bayer Aktiengesellschaft*, 488 F.3d 960, 82 USPQ2d 1828, 1831 (Fed. Cir. 2007) [ASPIRINA is merely descriptive of analgesic product]. *See also In re MBNA America Bank N.A.*, 340 F.3d 1328, 67 USPQ2d 1778, 1780 (Fed. Cir. 2003) [MONTANA SERIES and PHILADELPHIA CARD are merely descriptive of applicant's "affinity" credit card services; a "mark is merely descriptive if the ultimate consumers immediately associate it with a quality or characteristic of the product or service"]; *In re Nett Designs, Inc.*, 236 F.3d 1339, 57 USPQ2d 1564, 1566 (Fed. Cir. 2001) [THE ULTIMATE BIKE RACK is merely descriptive for bicycle racks]; *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009, 1009 (Fed. Cir. 1987) [APPLE PIE is merely descriptive for a potpourri mixture]; and *In re Quik-Print Copy Shops, Inc.*, 616 F.2d 523, 205 USPQ 505, 507 (CCPA 1980). To be "merely descriptive," a term need only describe a single significant quality or property of the

goods. *Gyulay*, 3 USPQ2d at 1009. Descriptiveness of a mark is not considered in the abstract, but in relation to the particular goods or services for which registration is sought. That is, when we analyze the evidence of record, we must keep in mind that the test is not whether prospective purchasers can guess what applicant's goods are after seeing only applicant's mark. *In re Abcor Development Corp.*, 588 F.2d 811, 200 USPQ 215, 218 (CCPA 1978) [GASBADGE merely descriptive of a "gas monitoring badge"; "Appellant's abstract test is deficient – not only in denying consideration of evidence of the advertising materials directed to its goods, but in failing to require consideration of its mark 'when applied to the goods' as required by statute."]. Rather, the question is whether someone who knows what the goods are will understand the mark to convey information about them. *In re Tower Tech, Inc.,* 64 USPQ2d 1314, 1316-1317 (TTAB 2002); *In re Patent & Trademark Services Inc.,* 49 USPQ2d 1537, 1539 (TTAB 1998).

In addition to considering the applied-for mark in relation to the goods or services for which registration is sought, the proper test for descriptiveness also considers the context in which the mark is used and the significance that the mark is likely to have on the average purchaser encountering the goods or services in the marketplace. *In*

*re Omaha National Corp.,* 819 F.2d 1117, 2 USPQ2d 1859 (Fed. Cir. 1987); *In re Pennzoil Products Co.*, 20 USPQ2d 1753 (TTAB 1991); and *In re Engineering Systems Corp.*, 2 USPQ2d 1075 (TTAB 1986).

Hence, the ultimate question before us is whether the term **BOBBLE POPS** conveys information about a significant feature or characteristic of applicant's goods with the immediacy and particularity required by the Trademark Act.

A mark is suggestive, and therefore registrable on the Principal Register without a showing of acquired distinctiveness, if imagination, thought or perception is required to reach a conclusion on the nature of the goods or services. "Whether a given mark is suggestive or merely descriptive depends on whether the mark 'immediately conveys … knowledge of the ingredients, qualities, or characteristics of the goods … with which it is used,' or whether 'imagination, thought, or perception is required to reach a conclusion on the nature of the goods.'" (citation omitted) *In re Gyulay*, 3 USPQ2d at 1009; *In re Home Builders Association of Greenville*, 18 USPQ2d 1313 (TTAB 1990); and *In re American Greetings Corp.*, 226 USPQ 365 (TTAB 1985).

The record shows the kind of candy that applicant is marketing. As reflected in an array of different images, these pictorials demonstrate that applicant is in the

business of selling a lollipop candy featuring a bobble head device:







Miley Cyrus and
Hannah Montana
BobblePops



Applicant's candies are clearly a kind of "fruit flavored lollipop," but erring on the side of caution, the Trademark Examining Attorney asks us to refer to a dictionary definition of the term, as evidence to support that conclusion:

**lollipop**

    **lol·li·pop** *noun*
Etymology:
    perhaps from English dialect *lolly* tongue + *pop*
**1:** a piece of hard candy on the end of a stick[2]

---

[2]   *MERRIAM-WEBSTER ONLINE DICTIONARY* 2008, at http://www.merriam-webster.com/dictionary/lollipop . As requested by the Trademark Examining Attorney, we take judicial notice of this dictionary definition. *See University of Notre Dame du Lac v. J.C. Gourmet Food Imports Co., Inc.*, 213 USPQ 594, 596 (TTAB 1982), *aff'd*, 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983).

The Trademark Examining Attorney also made of record various screenshots from the Internet, showing the use of the term "pop" or "pops" interchangeably with the word "lollipop" or "lollipops":



### Big Stuff Pacifier Sour <mark>Lollipop</mark>

Big Stuff Pacifier <mark>Pop</mark> with reusable cover …

Cool pacifier shaped <mark>lollipops</mark> ideal for children young and old …

[3]

### Juicifier Ring <mark>Lollipops</mark>

Juicifier Ring Shaped <mark>Lollipop</mark>

This devilishly good ring <mark>pop</mark> is filled with Blue Raspberry, Green Apple, Orange and Strawberry Juicy Jel



[4]

---

[3]     From CandyFavorites.com: http://www.candyfavorites.com/Big-Stuff-Pacifier-Sour-Lollipop-pr-2294.html (accessed by the Trademark Examining Attorney on March 6, 2008).

[4]     From CandyFavorites.com: http://www.candyfavorites.com/Juicifier-Ring-Lollipops-pr-2229.html (accessed by the Trademark Examining Attorney on March 6, 2008).



**Dum Dum Pops Bulk Lollipops
30 Lb. Case – Assorted Flavors**
Approximately 2,340 pops per case! [5]

Other Internet screenshots made of record show use of the word "Pops" in generic fashion to introduce an array of various types of candy on a stick.



**Charms Mini Pops
Mini Tootsie Roll Pops
Charms Sweet Pops
Saf-T-Pops
LifeSavers Swirled Pops**[6]



**Sugar Daddy Pops 48ct
Unicorn Pops Christmas 36ct
Ring Pops 36ct**[7]

---

[5]   http://www.spanglercandy.com/order/bulkorder.php (accessed by the Trademark Examining Attorney on March 6, 2008).

[6]   http://www.sweetservices.com/Lollipops_C30.cfm (accessed by the Trademark Examining Attorney on March 6, 2008).

[7]   http://candy-crate.stores.yahoo.net/sugardaddypops.html (accessed by the Trademark Examining Attorney on March 6, 2008).

On the "BulkFoods.com" website, one finds lollipops such as the brand "Dum Dum Pops" under the title of "Gum Pops and Lollipops," and the site has a page titled simply "Pops":





Similarly, CandyWarehouse's huge assortment of lickable candies on a stick is placed in a product category of "Lollipops & Suckers," and the designation of each of the listed products includes the term "Pops":



---

[8]    http://www.bulkfoods.com/pops.asp (accessed by the Trademark Examining Attorney on March 6, 2008).

[9]    http://www.candywarehouse.com/ (accessed by the Trademark Examining Attorney on March 6, 2008).

On the web pages www.eHow.com and www.About.com, there are instructions on making lollipops or candy pops, which websites further evidence the highly descriptive use of "pops" in the context of candy:



## Heart Pops

by Elizabeth LaBau

Heart *pops* are a sweet treat for Valentine's Day.  These candies have a cinnamon kick and a cute heart shape.  Make sure you have an accurate candy thermometer for this recipe!

**INGREDIENTS:**
- 1 cup sugar
- ½ cup light corn syrup
- ¼ cup water
- 1/8 tsp cinnamon oil
- Red food coloring
- Heart lollipop molds and lollipop sticks [10]

### How to Make Easter Candy Pops

**By** eHow Holidays & Celebrations Editor

Though Easter tends to bring images of candy eggs and marshmallow chicks to mind, there are other sweets for the holiday too.  If you're looking to add a little variety to your baskets, make your own *candy pops* for Easter this year.[11]

Applicant responds that even if we accept that many candy sellers use the wording "Pops" in the context of

---

[10]    http://candy.about.com/od/specialoccasions/r/heartpops.htm (accessed by the Trademark Examining Attorney on March 6, 2008).

[11]    http://www.ehow.com/how_2163891_make-easter-candy-pops.html (accessed by the Trademark Examining Attorney on March 6, 2008).

candy, this simply demonstrates that this wording is *weak* for candy, not necessarily that it is merely descriptive.

We agree with the Trademark Examining Attorney that these online candy catalogs and recipes support the conclusion that the term "Pops" is a shortened form for the word "lollipops," and hence is highly descriptive, if not generic, when used in connection with lollipop candies. Similar to the "Big Stuff Pacifier Pop with reusable cover" (at footnote 3, *supra*), applicant's lollipop stick consists of the character's feet and legs, the hard candy is the torso, and the bobble head portion is a reusable cover.

Unlike some of its competitors (e.g., see CandyFavorites.com at footnotes 3 and 4, *supra*), applicant argues that it does not use the term "pops" on its trade dress in any way other than as a trademark. However, we note that the form of the mark actually uses a lower case letter "p" in the word "pops," which is also shown in smaller, less prominent lettering.



Rather than acknowledge that the term "pop" or "pops" is used interchangeably with the word "lollipop" or "lollipops," applicant argues that the word "pop" is a

shortened form of the word "popular,"[12] and that "the consuming public is accustomed to associating this term with popular images, figures and themes," e.g., art (*pop art*), music (*pop music*), musicians (the *King of Pop*, *pop artists* or *pop singers*), literature (*pop novels*) and general cultural themes (*pop culture*, *viz.*, Hannah Montana, NBA stars, etc.).

However, as indicated earlier, we do not consider the mark alone. Instead, we must consider the mark in the context in which it is used. Here, we must consider what a purchaser of lolli*pops* would understand the term "pops" to mean upon seeing the term "Bobble Pops." We conclude that these consumers would immediately understand that this term describes lollipops. Such a conclusion is buttressed by applicant's use on its packaging of the informational phrasing "Collectible Bobble and Lollipop!" or "Lollipop and Collectible Bobble!" immediately adjacent to its asserted mark. These circumstances make it exceedingly unlikely that prospective consumers will consider applicant's use of "pops" (plural) to mean that the individuals and characters whose likenesses are featured on applicant's reusable bobble

---

[12]     *Dictionary.com Unabridged (v 1.1).* Random House, Inc. Aug. 14, 2008. http://dictionary.reference.com/browse/pop. *See also* Wikipedia.org at http://en.wikipedia.org/wiki/Pop.

head covers are popular (or "pop," singular) characters, athletes, celebrities or the like.

To support its argument that "Pop" and "Pops" are not descriptive terms, applicant points to the following extant registrations on the Principal Register, not registered under section 2(f) of the Act and without any disclaimers of the word "Pop" or "Pops":

| | |
|---|---|
|  | for "candy, namely, lollipops" in International Class 30;[13] |
|  | for "candy" in International Class 30;[14] |
| **DINO POPS** | for "candy" in International Class 30;[15] |

---

[13]    Registration No. 1551157 issued on August 8, 1989; Section 8 affidavit (six-year) accepted and Section 15 affidavit acknowledged.

[14]    Registration No. 1637712 issued on March 12, 1991; renewed. No claim is made to the words "Half Sweet Half Sour" apart from the mark as shown.

[15]    Registration No. 1840044 issued on June 14, 1994; renewed.

| | |
|---|---|
| **SQUEEZE POP SPORTS BOTTLE CANDY** | for "candy" in International Class 30;[16] |
| **NUM•POP** | for "lollipop containing a local topical anesthetic, such as tetracaine, dispersed throughout the candy" in International Class 5;[17] |
| **POP TIPS** | for "pressed sugar coated candy in the form of small oval pellets" in International Class 30;[18] |
| | for "candies, caramels, candy powder, chewing gum, bubble gum" in International Class 30;[19] |
| **ZIP-A-DEE DOO-DA POPS** | for "candy" in International Class 30;[20] |
| **TWINKLE POPS** | for "candy suckers" in International Class 30;[21] |
| **STOP POP** | for "medicated candy" in International Class 5;[22] |
| **GUDU POP** | for "candy, namely, lollipops" in International Class 30;[23] |

---

[16]     Registration No. 1876050 issued on January 24, 1995; renewed.  No claim is made to the words "Sports Bottle Candy" apart from the mark as shown.

[17]     Registration No. 2616795 issued on September 10, 2002.

[18]     Registration No. 2869959 issued on August 3, 2004.

[19]     Registration No. 2881572 issued on September 7, 2004.

[20]     Registration No. 2884373 issued on September 14, 2004.

[21]     Registration No. 2930041 issued on March 8, 2005.

[22]     Registration No. 2940396 issued on April 12, 2005.

| **POP ITZ** | for "toy dispensers for candy" in International Class 28;[24] |
|---|---|
| **POP 'N' DIP** | for "candy" in Int. Class 30;[25] |

Of course, during *ex parte* examination, the prosecution of each application is governed by its own specific set of facts. *See In re Nett Designs*, 57 USPQ2d at 1566 [" … the Board … must assess each mark on the record of public perception submitted with the application."].  A cursory review suggests that the marks in at least some of these registrations are not analogous to the instant case, either because the marks may have been considered unitary and therefore not in need of a disclaimer, or because the goods may not be lollipops at all.

By contrast, the Trademark Examining Attorney points to a dozen third-party registrations for candy or lollipops where the term "Pop" or "Pops" is disclaimed, or that issued on the Supplemental Register:

| Principal Register with disclaimer of word "Pop" or "Pops" | |
|---|---|
| **SKATER POP** | for "candy" in International Class 30;[26] |

---

[23]  Registration No. 2967857 issued on July 12, 2005.

[24]  Registration No. 3126066 issued on August 8, 2006.

[25]  Registration No. 3274109 issued on August 7, 2007.

[26]  Registration No. 2555826 issued on April 2, 2002.

| | |
|---|---|
| **SHUTTLE POP** | for "candy, namely lollipops" in International Class 30;[27] |
| **420 POPS** | for "candy" in International Class 30;[28] |
| **TOON POP** | for "candy" in International Class 30;[29] |
| **BLOW POP SWIRLZ** | for "candy" in International Class 30;[30] |
| **MAGIC POPS** | for "candy" in International Class 30;[31] |
| **TIGER POPS** | for "candy, lollipops" in International Class 30;[32] |
| | for "confectionery, namely, candy" in international class 30;[33] |
| **SWEETIE POPS** | for "candy" in International Class 30;[34] |
| **Scream Pops** | for "candy" in International Class 30;[35] |

[27]    Registration No. 2596106 issued on July 16, 2002.

[28]    Registration No. 2836609 issued on April 27, 2004.

[29]    Registration No. 2889920 issued on September 28, 2004.

[30]    Registration No. 2901641 issued on November 9, 2004.

[31]    Registration No. 2976912 issued on July 26, 2005.

[32]    Registration No. 3000752 issued on September 27, 2005.

[33]    Registration No. 3145895 issued on September 19, 2006.

[34]    Registration No. 3149881 issued on September 26, 2006.

[35]    Registration No. 3321261 issued on October 23, 2007.

| Supplemental Register: | |
|---|---|
| **Pinwheel Pop** | for "confectionary, namely candy" in Int. Class 30;[36] |
| **SOUR CHEWY POP** | for "candy" in International Class 30;[37] |
| **CHEWY POPS** | for "candy" in International Class 30;[38] |

While the register may contain conflicting indications about how the United States Patent and Trademark Office treats the word "Pop" or "Pops" in composite marks for candy (that could include lollipops), the Trademark Examining Attorney's conclusion that applicant's use of "Pops" is descriptive is corroborated by the evidence above taken from websites located on the Internet.

We also find that the term "Pops" within the composite term **BOBBLE POPS** is more closely analogous to the marks in this latter group of registrations referenced by the Trademark Examining Attorney than it is to most of those submitted by applicant. That does not mean, however, that applicant's proposed mark could be placed on the Principal Register with a disclaimer of "Pops," for applicant has not claimed that "Bobble" is distinctive.

---

[36] Registration No. 3003113 issued on September 27, 2005.

[37] Registration No. 3358188 issued on December 18, 2007.

[38] Registration No. 3363923 issued on January 1, 2008.

As for the word "Bobble," we have not spent a great deal of time discussing this term inasmuch as applicant has acknowledged that this word immediately alerts consumers to the fact that the lollipop cover is a bobble head. Accordingly, applicant has disclaimed this term. Therefore, based on the evidence of record, we have no doubt that the individual terms in applicant's proposed mark are each descriptive and that applicant's combination of the terms into the composite term "Bobble Pops" is also merely descriptive for the identified candy.

When two or more merely descriptive terms are combined, the determination of whether the composite mark also has a merely descriptive significance turns on the question of whether the combination of terms evokes a new and unique commercial impression. If each component retains its merely descriptive significance in relation to the goods or services, the combination generally results in a composite that is itself merely descriptive. *See In re Gould Paper Corp.*, 834 F.2d 1017, 5 USPQ2d 1110, 1112 (Fed. Cir. 1988) [SCREENWIPE is generic for wipes that clean computer and television screens]; *In re Tower Tech, Inc.*, 64 USPQ2d 1314, 1318 (TTAB 2002) [SMARTTOWER is merely descriptive of commercial and industrial cooling towers]; *In re Sun Microsystems Inc.*, 59 USPQ2d 1084, 1087 (TTAB 2001)

[AGENTBEANS is merely descriptive of computer programs for use in development and deployment of application programs].

In arguing that "Bobble Pops" should not be deemed to be merely descriptive, applicant cites to Professor McCarthy's treatise[39] in support of the proposition that while its mark may well be viewed as merely descriptive in the sense discussed above, it would be perceived as suggestive, at worst, given the alternative connotation of "popular" sports stars, actors and characters featured on the bobble heads.

First, there is nothing in the record to support the conclusion that "popular" sports stars, actors and characters are referred to by the shorthand term "pops." Further, we disagree with applicant that the referenced section of the McCarthy treatise applies to the instant facts. The cited cases refer to terms or phrases that in their entireties present to some potential consumers a "double entendre" – where a newly-coined combination of descriptive components creates a readily-understood, alternative meaning. A mark encompassing a double entendre will not be refused registration as merely descriptive if one of its meanings is not merely descriptive in relation to

---

[39] J. Thomas McCarthy, *TRADEMARKS AND UNFAIR COMPETITION*, 4th Ed. § 11.19 at 11-28 (2000).

the involved goods or services.  See *In re Colonial Stores Inc.*, 394 F.2d 549, 157 USPQ 382 (CCPA 1968) [SUGAR & SPICE registrable for bakery products]; *In re Simmons Co.*, 189 USPQ 352 (TTAB 1976) [THE HARD LINE for mattresses and bed springs]; *In re Delaware Punch Co.*, 186 USPQ 63 (TTAB 1975) [THE SOFT PUNCH for noncarbonated soft drink]; and *In re National Tea Co.*, 144 USPQ 286 (TTAB 1965) [NO BONES ABOUT IT for fresh pre-cooked ham].  In each of these cases, the secondary interpretation that makes each expression a double entendre consists of an association that members of the public would make quite readily.  Recognizing that the trade dress on the goods refers to the instant goods as a "collectible bobble and lollipop," consumers would not perceive any novel or incongruous meaning for the combination of the words "Bobble" and "Pops."

*Decision*:  The Trademark Examining Attorney's refusal to register the term **BOBBLE POPS** on the ground that it is merely descriptive of the identified goods under Section 2(e)(1) of the Lanham Act is hereby affirmed.