In re Joseph GYULAY, Appellant.

No. 87–1027.

United States Court of Appeals,
Federal Circuit.

June 10, 1987.

Ralph Hammar, Erie, Pa., for appellant.

Albin F. Drost, Asst. Solicitor, Arlington, Va., for appellee. With him on the brief were Joseph F. Nakamura, Solicitor and Fred E. McKelvey, Deputy Solicitor.

Before FRIEDMAN, NEWMAN and ARCHER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

The United States Patent and Trademark Office ("PTO") Trademark Trial and Appeal Board ("Board") refused registration on the Principal Register to APPLE PIE as a trademark [1] for potpourri. On the record before us, the Board's decision is affirmed.

## OPINION

Potpourri is a pleasant-smelling mixture used as a scent, and is classically associated with rose petals and spices. The potpourri to which the appellant applies the term APPLE PIE is intended to be simmered in water to release its fragrance. Appellant's catalog states that his "Simmering Potpourri" line is available in "eight exclusive scents that simulate those unforgettable aromas shown below". One of the listed scents is "Apple Pie". The others are "Gingerbread", "Spice Cake", "Cherry Cobbler", "Blueberry Muffin", "Peach Cobbler", "Strawberry Shortcake", and "Cinnamon Roll".

The Board found that "one of the key characteristics of applicant's potpourri is that it is scented to smell like apple pie". On this basis the Board held that APPLE PIE is merely descriptive for purposes of section 2(e)(1) of the Trademark (Lanham) Act, 15 U.S.C. § 1052(e)(1), stating that "the mark merely describes a significant

1. Application Serial No. 510,531, filed November 26, 1984.

characteristic of the goods". One panel member dissented, finding the term "suggestive rather than merely descriptive", in that apple pie is not "a singular, definable aroma" but rather has "many variables due to the tartness or sweetness of the apples, the amount of sugar added, the mix of other ingredients, the kind of shortening used in the dough, etc."

■ A mark that is "merely descriptive", as the term is used in trademark law, is not registrable under section 2(e), but may be registrable under section 2(f), 15 U.S.C. § 1052(f), if secondary meaning is shown.[2] A suggestive mark, one that "suggests, rather than describes", *Vision Center v. Opticks, Inc.*, 596 F.2d 111, 115, 202 USPQ 333, 338 (5th Cir.1979), *cert. denied*, 444 U.S. 1016, 100 S.Ct. 668, 62 L.Ed.2d 646 (1980), is protectible without evidence of secondary meaning. Whether a given mark is suggestive or merely descriptive depends on whether the mark "immediately conveys ... knowledge of the ingredients, qualities, or characteristics of the goods ... with which it is used", or whether "imagination, thought, or perception is required to reach a conclusion on the nature of the goods". *In re Quik-Print Copy Shops, Inc.*, 616 F.2d 523, 525, 205 USPQ 505, 507 (CCPA 1980). The categories are in actuality "central tones in a spectrum ... and are frequently difficult to apply." *Soweco, Inc. v. Shell Oil, Co.*, 617 F.2d 1178, 1183, 207 USPQ 278, 282 (5th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1516, 67 L.Ed.2d 816 (1981).

It is apparent that the Board viewed "apple pie" more as a definition of the scent than as a term requiring the exercise of imagination. *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*, 698 F.2d 786, 791, 217 USPQ 988, 995–96 (5th Cir.1983). The Board placed controlling weight on the applicant's printed statement in his catalog that the scents "simulate those unforgettable aromas", and gave scant weight to appellant's argument that "The product is not APPLE PIE. It is not used in making APPLE PIE. It does not smell like APPLE PIE. It does not taste like APPLE

PIE. It is just a catchy name which identifies the product as applicant's product."

■ Appellant argues that it is "unfair to use appellant's wholesale catalog to determine whether or not the trademark APPLE PIE is descriptive". We discern no error or inequity in the Board's use of appellant's catalog as evidence of what it contains, or in the Board's finding that "apple pie" refers to the potpourri scent. The Board implicitly found that purchasers would be "immediately conveyed" knowledge of the scent of apple pie, on viewing the term APPLE PIE in association with potpourri, a product sold for its scent.

The Board thus affirmed the examiner's prima facie case that the mark was merely descriptive. Appellant did not shoulder the burden of rebuttal. Appellant argues that descriptiveness is to be determined by the "ultimate purchasers and not by those who would have seen the wholesale catalogue", and that "there is no evidence at all from the purchasing public". It is correct that the trademark attribute of descriptiveness vel non is determined from the viewpoint of the purchaser. *In re Bed & Breakfast Registry*, 791 F.2d 157, 160, 229 USPQ 818, 819 (Fed.Cir.1986). However, the burden of coming forward with evidence in support of the applicant's argument was upon the applicant. It is insufficient, in view of the PTO's prima facie case, to criticize the absence of additional evidence weighing against the applicant. Rebuttal evidence and argument are the applicant's province.

Appellant seeks support in *In re DC Comics, Inc.*, 689 F.2d 1042, 1044–45, 215 USPQ 394, 396–97 (CCPA 1982), wherein our predecessor court held that drawings of comic book characters could serve as trademarks for dolls of those characters. The several trademark issues therein discussed, by the court and in two concurring opinions, bear no controlling relation to the case at bar. The court in *D.C. Comics* stated that a descriptive term "conveys to one who is unfamiliar with the product its functions or qualities," *id.* at 1044, 215 USPQ at 396, but this does not aid appel-

---

**2.** No issue under section 2(f) is before the court.

lant's argument that a purchaser of AP-PLE PIE potpourri would not know that "apple pie" refers to the scent.

Appellant also argues that *Blisscraft of Hollywood v. United Plastics Co.*, 294 F.2d 694, 700, 131 USPQ 55, 60 (2d Cir.1961), holding "Poly Pitcher" to be a valid trademark, supports the proposition that APPLE PIE is a valid trademark. *Blisscraft* held that " 'Poly Pitcher' ... is an incongruous expression, and has the characteristics of a coined or fanciful mark", more suggestive of Molly Pitcher than descriptive of polyethylene. *Id.* APPLE PIE is not a coined or fanciful expression and does not benefit from this ruling.

In close point is the holding in *In re Andes Candies Inc.*, 478 F.2d 1264, 1267, 178 USPQ 156, 157 (CCPA 1973), that "[i]t is sufficient to preclude registration that the mark merely describes the flavor characteristic". *See also Meehanite Metal Corp. v. International Nickel Co.*, 262 F.2d 806, 807, 120 USPQ 293, 294 (CCPA 1959) ("word may be descriptive though it merely describes one of the qualities or properties of the goods"). Such qualities or properties include "color, odor, function, dimensions, or ingredients". *Zatarians*, 698 F.2d at 790, 217 USPQ at 994. It is

thus sufficient that the term describes the scent, when potpourri is sold for and by its scent. Clear error has not been shown in the Board's finding that the term APPLE PIE conveys the key characteristic of the potpourri, its scent.

██ No evidence relating to secondary meaning under section 2(f) of the Lanham Act is before us. As stated in *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9, 189 USPQ 759, 764 (2d Cir. 1976), "the Lanham Act makes an important exception with respect to those merely descriptive terms which have acquired secondary meaning". The Board correctly held that APPLE PIE is merely descriptive, in the absence of evidence showing secondary meaning, and thus that APPLE PIE is not registrable under section 2(e) of the Lanham Act.[3]

AFFIRMED

---

**3.** We express no opinion on this or any other term that may be involved in other litigation.