**In re SAVIN CORPORATION.**

No. 03–1094.

United States Court of Appeals,
Federal Circuit.

June 6, 2003.

Before MAYER, Chief Judge,
BRYSON, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Savin Corporation seeks review of the decision of the Trademark Trial and Appeal Board affirming the PTO's final refusal to register its trademark because Savin refused to comply with a requirement to disclaim a component of the mark. We *affirm.*

## BACKGROUND

Savin filed an intent-to-use trademark application with the Patent and Trademark Office ("PTO") for the mark SAVIN NET. The application sought registration for the mark as used for a "computer software system for processing parts and supplies orders via a real-time on-line system, namely, software generating a graphical user interface that is downloadable by customers for use in communicating with the vendor" and "computerized on-line ordering services in the field of office machinery and equipment."

The examining attorney issued an office action requiring Savin to disclaim NET in accordance with 15 U.S.C. § 1056(a), stating that the term NET is "merely descriptive [with respect to Savin's goods and services] because it refers to global computer networks and on-line systems" and therefore is an unregistrable component of the mark. The requested disclaimer was "No claim is made to the exclusive right to use 'NET' apart from the mark as shown." Savin argued to the examining attorney that the term NET was not descriptive because Savin's services are provided by means of a modem over a telephone line, in effect creating a direct link between Savin and its customers, and not by use of a global computer network.

The examining attorney, however, continued to require the disclaimer because he deemed NET to be descriptive of the manner in which the services are rendered. Relying on on-line dictionaries, he concluded that NET refers to a network or the internet, that network "refers to computers interconnected by telephone wires or other means to share information," and that the "placement of orders via a modem over telephone lines creates a network." The examining attorney further noted that Savin's brochures state that "Savin Net is an on-line processing system," and that " 'on-line' refers to something that is connected to a computer network or is accessible via a computer or computer network." After Savin again protested the disclaimer requirement, the examining attorney issued a final refusal because "the word 'NET' is descriptive of the 'real-time on-line system.' " Savin filed a request for reconsideration, arguing that the mark was suggestive rather than descriptive, and that disclaimer should not be required because the mark was unitary. The examining attorney denied the request.

Savin appealed to the Trademark Trial and Appeal Board, which upheld the disclaimer requirement. The Board considered several dictionary definitions and found that the term NET, "in the context of applicant's goods and services[,] plainly signifies 'NETWORK' " and describes without conjecture or speculation the online feature of the goods and services. The Board stated that NET conveys that

applicant's goods and services are net- or network-based, in that they are connected to or accessible by a computer network, irrespective of whether such network is a global one, like the Internet, or is actually a private network, like that created by the computer software system offered by applicant, which links its customers through the use of modems and telephone lines for purposes of processing parts and supplies orders.

The Board further stated, "Such a system for the transfer or transmission of data and other information between computers, which applicant acknowledges in the case of its goods and services is done via modems through the use of telephone lines so as to interconnect its customers to applicant and each other, plainly meets the definitions of 'net' and 'network' which are of record." The term NET was accordingly deemed descriptive. Finding that SAVIN NET does not result in a meaning independent of the constituent elements or project a "single and distinct commercial impression," the Board also rejected Savin's argument that SAVIN NET is a unitary mark and that disclaimer is inappropriate for that reason.

On appeal to this court, Savin contends that no disclaimer should be required because (1) the term NET is not merely descriptive and (2) the mark is unitary.

## DISCUSSION

Pursuant to 15 U.S.C. § 1056(a), the PTO "may require [an] applicant to disclaim an unregistrable component of a mark otherwise registrable." Once a disclaimer is effected an applicant has no exclusive rights to the disclaimed component apart from the composite mark. *Dena Corp. v. Belvedere Int'l, Inc.*, 950 F.2d 1555, 1560 (Fed.Cir.1991). In this case, the examining attorney's disclaimer requirement was proper if the term NET is not registrable because it is merely descriptive. *See In re Nett Designs, Inc.*, 236 F.3d 1339, 1341 (Fed.Cir.2001). We uphold factual findings of the Board if they are supported by substantial evidence, and the determination of whether a mark is descriptive or suggestive is a question of fact. *Id.* at 1341.

A mark is merely descriptive if it "would immediately convey to one seeing or hearing it the thought of appellant's services."

*In re Bed & Breakfast Registry*, 791 F.2d 157, 159 (Fed.Cir.1986) (citation omitted). *See also In re Gyulay*, 820 F.2d 1216, 1217 (Fed.Cir.1987) (whether a mark is merely descriptive rather than suggestive "depends on whether the mark 'immediately conveys ... knowledge of the ingredients, qualities, or characteristics of the goods ... with which it is used,' or whether 'imagination, thought, or perception is required to reach a conclusion on the nature of the goods' "). A term may move between being descriptive and suggestive depending on its usage, the context, and other factors affecting the purchasing public's perception of the term. *Nett Designs*, 236 F.3d at 1341.

■ Substantial evidence supports the Board's determination that the term NET is descriptive in this case; dictionaries and Savin's own brochures support the finding that the mark immediately conveys to prospective customers that Savin's goods and services feature a computer network. Savin's brochures refer to its system as "an on-line processing system ... [p]roviding user friendly access to Savin's information network" with features such as a bulletin board and e-mail to "communicate with anyone in the Savin Net network." The record includes dictionary references that define net as a network, specifically "a network of computers connected to each other." The references also define on-line as "connected to a computer network" or "accessible via a computer or computer network." Accordingly, the evidence supports the Board's conclusion that, in the context in which Savin uses the term, NET signifies network, which describes the system of interconnected computers used to process on-line orders of Savin's parts and supplies.

Savin contends that the examining attorney referred to numerous different concepts of which the term is allegedly de-

scriptive, including global computer networks, on-line systems, networks, and the Internet. Savin further points to uses of the term NET with very different meanings, such as in the term "mosquito net." Because NET is allegedly a "broad amorphous term" that can refer to many different categories of goods, Savin argues that the mark cannot convey an immediate idea of the characteristics of the goods. Savin emphasizes that the goods and services offered under the mark are not accessible over the Internet, but rather are sold through a direct on-line connection between Savin and its customers, and therefore do not involve all of the categories of even the computer-related goods and services to which the term NET may refer.

While it is true that there are many different configurations of networks, such as local area networks and wide area networks and the network of networks known as the Internet, they are all still networks, i.e., systems of interconnected computers. The differences among them relate to how far each network extends, but the differences do not prevent the term from being descriptive as used in this case. Prospective customers will still immediately understand the goods and services to relate to a system of interconnected computers. *See In re Dial–A–Mattress Operating Corp.*, 240 F.3d 1341, 1346 (Fed.Cir.2001) (rejecting the argument that a mark was not descriptive because it did not describe the full scope and extent of services). Other items to which Savin argues the term NET can refer, such as mosquito nets, are irrelevant in the context of Savin's goods and services. Accordingly, we affirm the Board's finding that the term NET is descriptive.

Savin also argues that the mark SAVIN NET is a unitary mark and that disclaimer of any component is therefore inappropriate. In a unitary mark, the elements are inseparable, creating a "single and distinct commercial impression," and the mark has a meaning of its own independent of the meaning of the constituent elements. *Dena*, 950 F.2d at 1561. Because a unitary mark "simply has no 'unregistrable components,' but is instead an inseparable whole," it is exempt from disclaimer requirements. *Id.* at 1560.

■ We agree with the Board the mark SAVIN NET is not unitary. The elements are not merged together so that they cannot be regarded as separate. We concur with the Board that consumers would not be inclined to slur the pronunciation of the terms to suggest the phrases "saving it" (because there are good deals on-line for Savin equipment) or "safety net" (because the system provides a means of quickly replacing parts). As found by the Board, "in the context of applicant's goods and services, customers would view the mark 'SAVIN NET' as connoting a network for dealers in and retailers of Savin office machinery and equipment." Accordingly, we do not view the elements of SAVIN and NET as indivisible. As in the *Dena Corporation* case, there is no evidence in the record that suggests that a prospective purchaser would perceive the mark as conveying a single, inseparable impression, and there is nothing about the combination of the two words that links them together to create a distinct meaning of its own.

Savin points to an embodiment of its mark in which the two N's overlap, so that one fits on top of the other, as evidence of an integrated term. However, Savin is not requesting a registration of that particular depiction of the mark and, in the brochures, software screen display, and application, SAVIN NET is also displayed as two separate words with a space between

the N's and in which the two words are unconnected by any lines or design features. *See Dena,* 950 F.2d at 1561. Accordingly, we affirm the Board's conclusion that the mark is not unitary. Because the term NET is descriptive in this case and the mark is not unitary, we uphold the Board's rejection of the mark absent disclaimer of the term NET.