THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed:
July 27, 2012

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Future Ads LLC
_____

Serial No. 85134539
_____

Christopher J. Palermo of Hickman Palermo Truong & Becker LLP for Future Ads LLC.

Stephanie M. Ali, Trademark Examining Attorney, Law Office 109 (Dan Vavonese, Managing Attorney).

_____

Before Seeherman, Kuhlke and Taylor, Administrative Trademark Judges.

Opinion by Seeherman, Administrative Trademark Judge:

Future Ads LLC has appealed from the final refusal of the trademark examining attorney to register ARCADEWEB and design, as shown below, for "dissemination of advertising for others via the internet and via downloadable computer games; promoting the goods and services of others by means of downloadable computer games and via electronic transmission of advertisements over the internet; promoting the goods and services of others by attracting, referring,

and analyzing consumer traffic to the online promotions and incentive award programs of others; promoting the goods and services of others by providing gaming websites to generate consumer traffic for others; referral services in the field of online marketing."



"The mark includes the stylized word 'arcadeweb' in association with a device resembling a video game controller." Color is not claimed as a feature of the mark.[1]

The examining attorney has made final a requirement that applicant disclaim the term "ARCADEWEB."

We reverse.

We must first address some procedural points. In response to the first Office action, in which the examining attorney required a disclaimer of ARCADEWEB "because it identifies a feature of the applicant's services, namely, promoting arcade games via the web or Internet," applicant submitted a disclaimer of WEB. The examining attorney

---

[1] Application Serial No. 85134539, filed September 21, 2010, based on Section 1(b) of the Trademark Act (intent-to-use).

found this disclaimer unacceptable "because the wording 'arcadeweb' appears together and is unitary," and therefore "the mark cannot be dissected to disclaim the term 'web.'" Office action mailed August 9, 2011. The examining attorney repeated and made final the requirement for a disclaimer of ARCADEWEB. In applicant's brief applicant has specifically relied on the examining attorney's position that ARCADEWEB cannot be dissected into independent terms. The examining attorney, in her brief, has not referred to the disclaimer of WEB. Based on these circumstances, we deem that applicant has accepted the examining attorney's statement that its disclaimer of WEB was unacceptable, and has withdrawn its disclaimer of WEB. We have therefore corrected the Office's records to delete the disclaimer of WEB.

The examining attorney did not submit any evidence with her two Office actions showing the term "arcadeweb" or "arcade web" used or referenced in connection with services of the type identified in applicant's application. With her brief she has requested that we take judicial notice of dictionary definitions for "arcade" and "web," and has attached such definitions to her brief. The definitions of "arcade" from www.merriam-webster.com are already of record because applicant submitted them with its response to the

first Office action, and therefore there is no need for us to take judicial notice of them.  As for the definitions of "arcade" and "web" that she attached from the Your Dictionary website, because this website states that the definitions are taken from the print dictionary Webster's New World College Dictionary (2010), they are appropriate subject matter for judicial notice, and we grant the examining attorney's request.  See In re Osmotica Holdings Corp., 95 USPQ2d 1666, 1668 (TTAB 2010); TBMP § 1208.04 (3d ed. rev. 2012).  The most relevant of the definitions of "arcade" are "an amusement center having coin-operated games," (merriam-webster.com) and "penny arcade; a place somewhat like a penny arcade, containing coin-operated video games" (yourdictionary.com).[2]  The most relevant definition of "web" is "A web is something formed by

---

[2]  The examining attorney also requested that we take judicial notice of the definition of "arcade" from Cambridge Dictionaries Online, http://dictionary.cambridge.org, which states that it is taken from the Cambridge Academic Content Dictionary.  However, this definition states that it is "British English," and therefore we deem it inappropriate for judicial notice, as the meaning of the term in Britain is not necessarily the meaning of the term in the United States, and therefore we cannot consider the British definition as a meaning "generally known within the jurisdiction."  Fed. R. Evid. 201(b)(1).  Nor can we treat a British dictionary as a "source whose accuracy cannot be reasonably questioned," Fed. R. Evid. 201(b)(2), when the issue is the meaning of a word in the United States.  Nevertheless, even if we were to take judicial notice of the definition, it would not change the result herein, as the relevant definition of "arcade" from that source is "an area where there are many electronic or other coin-operated games for the public, *video-game arcades, a carnival arcade*."

weaving or is short for the World Wide Web. … *2. An example of the Web is the Internet, a network of computers that are connected to share information around the world.*" www.yourdictionary.com.[3]

The only evidence made of record by the examining attorney during the examination process, and which bears on the disclaimer requirement, is applicant's prior Registration No. 3881836 for ARCADEWEB in standard characters that was registered on the Supplemental Register for services identical to those identified in the present application.[4] This registration is of record because the examining attorney attached a copy of the electronic

---

[3] In her appeal brief the examining attorney has also quoted a definition of "web" as "world wide web" or "the Internet," citing www.merriam-webster.com. We note that the excerpt she attached to her brief from www.merriam-webster.com does not include that definition. Although she included a link to that website in the body of her brief, the Board will not utilize a link or reference to a website's internet address to access the site to consider whatever content may appear therein. In re HSB Solomon Associates, LLC, 102 USPQ2d 1269, 1274 (TTAB 2012); cf. Fed. R. Evid. 201(c)(2) (tribunal required to take judicial notice only, inter alia, if it is "supplied with the necessary information"). In view thereof, we take judicial notice only of the definitions that were actually attached to the examining attorney's brief, and only the definition from www.yourdictionary.com has probative value.

[4] The Supplemental Registration identification also includes the phrase "dissemination of advertising via the internet"; we view this as being the same as "dissemination of advertising for others via the internet" which phrase appears in the identifications in both the registration and the application since, for dissemination of advertising via the internet to be a service, it must be "for others." We add that only a copy of the registration taken from the electronic records of the Office was submitted; the underlying file of the registration, including any evidence therein, was not made of record.

version of it to the first Office action, in the context of asking applicant to claim ownership of this registration if it was owned by applicant. Applicant did so in its response. However, it was not until the examining attorney's brief, which was obviously after the close of examination and after the time that applicant could submit evidence in response to that of the examining attorney, that the examining attorney first raised the argument that applicant, by obtaining this registration on the Supplemental Register, impliedly admitted that this term is merely descriptive. We acknowledge that the examining attorney need not limit the arguments in her brief to those that she raised in the various Office actions in support of the disclaimer requirement, see TBMP 1203.02(b) ("an examining attorney need not request remand in order to make a new argument or change the rationale for a refusal or requirement, as that is not considered to be a new refusal or requirement"). However, we regard the use of this evidence for an argument that is totally different from the purpose for which the registration was submitted, and not even hinted at in the Office actions, as unfair. The examining attorney brought up applicant's ownership of the Supplemental Registration separately from the disclaimer requirement. That is, the disclaimer requirement was made

6

under the heading "Disclaimer," while the existence of the Supplemental Registration was raised under the heading "Claim Ownership of Prior Registration," with the instruction that "If applicant is the owner of U.S. Registration No. 3881836, then applicant must submit a claim of ownership." As a result, applicant would have viewed the examining attorney's question about its ownership of the Supplemental Registration either as reflecting a general Office practice that there must be a claim of ownership of prior registrations, or as relating to whether, if applicant were not the owner of the Supplemental Registration, it would be a bar based on the ground of likelihood of confusion. Thus, although we do not say that the examining attorney cannot use the evidence of the Supplemental Registration in support of her disclaimer requirement, or that we cannot consider the argument relying on that registration raised for the first time in her brief, we view the examining attorney's actions as poor examination practice and strongly urge that such a practice not be followed in the future.

Applicant, too, has not been a paradigm of good prosecution practice. In its reply brief it raises, for the first time, an alternative claim that its mark has acquired distinctiveness, and has attached evidence to its

7

brief in support of such a claim.  Trademark Rule 2.142(d) provides that the record in the application should be complete prior to the filing of an appeal, and that, after an appeal is filed, if the applicant or examining attorney wishes to introduce additional evidence, a request for remand should be filed.  Thus, if applicant had wished to assert a claim of acquired distinctiveness, it should have filed a request for remand, since any claim of acquired distinctiveness would have to be considered by the examining attorney, not the Board.  See TBMP § 1203.01 ("The brief should not include a proposed amendment … within the body of the brief.  Such requests should be filed by separately captioned papers".)  In any event, in view of our finding herein, there is no need to remand the application to the examining attorney to consider such a claim.

We also note that in its appeal brief applicant has made reference for the first time to the marks and goods of two third-party registrations.  These registrations, which are not of record, and the arguments relating thereto, have been given no consideration.

This brings us to the substantive issue before us, namely, whether ARCADEWEB is merely descriptive of applicant's services and must be disclaimed.  Section 6(a)

of the Trademark Act, 15 U.S.C. § 1056(a), provides that the Director may require the applicant to disclaim an unregistrable component of a mark otherwise registrable. Section 2(e)(1) of the Act, 15 U.S.C. § 1052(e)(1), prohibits the registration of a mark which is merely descriptive of the applicant's goods. A term is deemed to be merely descriptive of goods or services, within the meaning of Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1), if it forthwith conveys an immediate idea of an ingredient, quality, characteristic, feature, function, purpose or use of the goods or services. In re Abcor Development Corp., 588 F.2d 811, 200 USPQ 215, 217-18 (CCPA 1978). On the other hand, a term that is suggestive is not prohibited from registration by Section 2(e)(1). "Whether a given mark is suggestive or merely descriptive depends on whether the mark 'immediately conveys ... knowledge of the ingredients, qualities, or characteristics of the goods [or services] ... with which it is used,' or whether 'imagination, thought, or perception is required to reach a conclusion on the nature of the goods [or services]'." In re Gyulay, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987). On the spectrum of distinctiveness, the dividing line between merely descriptive and suggestive is a fine one.

Id., see also In re Recovery, Inc., 196 USPQ 830 (TTAB 1977).

The examining attorney's position is essentially that the terms "arcade" and "web" merely describe a feature of the applicant's services because:

> applicant promotes the goods and services of others by operating an online arcade web site. The applicant provides its advertising and promotional services through an *arcade* on the *web*, such that it disseminates advertising and promotes goods and services of others by means of arcade games on the web.

Brief, unnumbered p. 5.

As discussed previously, in her brief the examining attorney raised for the first time the argument that, because applicant had previously obtained a registration for ARCADEWEB on the Supplemental Register for services identical to those at issue herein, this is an admission that the term was merely descriptive at the time it sought that registration. Registration on the Supplemental Register is prima facie evidence that, at least at the time of registration, the registered mark was merely descriptive. In re Central Soya Co., Inc., 220 USPQ 914, 917 (TTAB 1984). However, prima facie evidence can be rebutted.

We have an odd situation here in that during examination the examining attorney never raised the

argument that applicant's application for registration of the mark ARCADEWEB on the Supplemental Register was an admission that the term is merely descriptive and therefore should be disclaimed in the present mark. Nor did the examining attorney submit any evidence during examination to show that ARCADEWEB is merely descriptive of the applied-for services. Although the definitions of "web" establish the descriptiveness of that term, the definitions of "arcade" that the examining attorney relies on show that an arcade is "an amusement center having coin-operated games." There is no evidence that applicant is providing or intends to provide such an amusement center in connection with the rendering of its services. Nor has the examining attorney submitted any evidence that the mark, used in conjunction with the identified services, immediately and directly conveys to consumers that the services involve arcade games.

Although it is well-settled as a legal matter that a mark owner's acceptance of registration on the Supplemental Register constitutes an admission that the mark is descriptive at the time of registration, see, e.g., In re Clorox Co., 578 F.2d 305, 198 USPQ 337, 340 (CCPA 1978); In re Consolidated Foods Corp., 200 USPQ 477, 478 n.2 (TTAB 1978( ("Registration of the same mark on the Supplemental

Register ... is an admission of descriptiveness"), it is troubling that the examining attorney never put applicant on notice that the examining attorney was treating the Supplemental Registration as evidence in support of her position, or that applicant had options to address the prima facie evidence of the Supplemental Registration (i.e., to file evidence of acquired distinctiveness under Section 2(f) or submit rebuttal evidence). Nevertheless, applicant did submit evidence, in the form of a dictionary definition, that "arcade" is not merely descriptive of applicant's services.

We acknowledge that this evidence is quite limited for rebutting the prima facie evidence of mere descriptiveness of a Supplemental Register registration. However, we must also recognize that the circumstances in this case are very unusual, and that the cause for this limited evidence was the examining attorney's raising the argument of mere descriptiveness based on that registration at a point where prosecution and examination had long closed. Because of this and because the examining attorney has not submitted any evidence going directly to the mere descriptiveness of ARCADEWEB, in this case these points outweigh any prima facie evidence of mere descriptiveness from the Supplemental Register registration. Accordingly, we find

12

that the Office has not met its burden of showing that ARCADEWEB is merely descriptive and must be disclaimed.

Decision:  The refusal of registration is reversed.