This Opinion is a
Precedent of the TTAB

Mailed: September 24, 2015

UNITED STATES PATENT AND TRADEMARK OFFICE

————

Trademark Trial and Appeal Board

————

*In re Cannon Safe, Inc.*

————

Serial No. 85651960

————

Jonathan A. Menkes of Knobbe Martens Olson & Bear LLP,
    for Cannon Safe, Inc.

Susan Leslie DuBois, Trademark Examining Attorney, Law Office 111,
    Robert L. Lorenzo, Managing Attorney.

————

Before Ritchie, Wolfson, and Masiello,
    Administrative Trademark Judges.

Opinion by Wolfson, Administrative Trademark Judge:

Cannon Safe, Inc. ("Applicant") seeks registration on the Principal Register of the mark SMART SERIES (in standard characters) for "Metal safes specifically designed to store firearms," in International Class 6.[1]

The Trademark Examining Attorney refused registration of Applicant's mark under Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1), having

---

[1] Application Serial No. 85651960 was filed on June 14, 2012, based on Applicant's allegation of a *bona fide* intent to use the mark in commerce.

determined that the applied-for mark merely describes Applicant's safes as "belonging to a larger product line" and featuring "a particular level of technology, such as microcomputers or microprocessors."

When the refusal was made final, Applicant appealed and filed a request for reconsideration. After the Examining Attorney denied the request for reconsideration, the appeal was resumed. We affirm the refusal to register.

Trademark Act Section 2(e)(1) prohibits registration of a mark which is merely descriptive of the applicant's goods or services. A term is deemed to be merely descriptive of goods or services, within the meaning of Section 2(e)(1), if it forthwith conveys an immediate idea of an ingredient, quality, characteristic, feature, function, purpose or use of the goods or services. *In re Chamber of Commerce of the U.S.*, 675 F.3d 1297, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012). *See also In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Bayer Aktiengesellschaft*, 488 F.3d 960, 82 USPQ2d 1828 (TTAB 2007); and *In re Abcor Development Corp.*, 588 F.2d 811, 200 USPQ 215, 217-18 (CCPA 1978). It is not necessary that a term describe all of the properties or functions of the goods and/or services in order for it to be merely descriptive thereof; rather, it is sufficient if the term describes a significant attribute or feature of the goods or services. Moreover, whether a term is merely descriptive is determined not in the abstract, but "in relation to the particular goods for which registration is sought, the context in which it is being used, and the possible significance that the term would have to the average purchaser of the goods because of the manner of its use or intended use." *In re Bayer*

*Aktiengesellschaft*, 82 USPQ2d at 1831. *See also In re Chamber of Commerce,* 102 USPQ2d at 1219; *In re MBNA Am. Bank N.A.,* 340 F.3d 1328, 67 USPQ2d 1778 (Fed. Cir. 2003).

The Examining Attorney argues that the term "smart" is merely descriptive when used on or in connection with devices that employ automated technology, i.e., microcomputers or microprocessors, and the term "series" conveys the idea that the products bearing the mark belong to a line of goods; therefore the mark describes a line of safes sold by Applicant utilizing computer technology. Applicant argues that even if the SMART SERIES mark conveys some information about Applicant's goods using "some sort of technology and that they are part of some sort of line of products," the mark is not merely descriptive because such information is vague and not conveyed with a sufficient degree of particularity; "the mark does not tell consumers what type of technology is used or what series the products are a part of."[2] Further, Applicant argues that the evidence only shows the significance of the term "smart" in connection with safes used to hold cash and ATM machines, and does not bear on the probable significance of the mark with respect to gun safes designed to store firearms. Applicant contends that because the purchasers are different, the meaning of "smart" in connection with ATM machines and cash deposit safes is irrelevant to its asserted meaning when used on gun safes. Applicant further contends that even if the words "smart" and "series," standing

---

[2] Applicant's Reply Brief, 15 TTABVUE 8.

alone, would be considered merely descriptive, SMART SERIES is a valid trademark because it is a combination mark with an incongruous meaning.

We start by considering the dictionary definition of "smart" that has been made of record: "operating by automation <a smart machine tool>."[3] In responding to the first Office Action, Applicant stated that its safes will be equipped with microprocessors and microcomputers. Accordingly, a significant feature of the goods will be the utilization of this type of technology, specifically microprocessors.[4] The goods therefore have a "smart" component. *See, e.g., In re Finisar Corp.,* 78 USPQ2d 1618, 1621 (TTAB 2006), *aff'd per curiam*, 223 Fed. App'x 984 (Fed. Cir. 2007) (the term "smart" "tells the consumer that the product is highly automated and capable of computing information"); *In re Cryomedical Sciences, Inc.*, 32 USPQ2d 1377, 1378 (TTAB 1994) ("It is undeniable that computers have become pervasive in American daily life. The 'computer' meaning of the term 'smart,' as is the case with many 'computer' words, is making its way into the general language."). Holding SMARTPROBE merely descriptive of disposable cryosurgical probes, the Board in *Cryomedical* noted that while it was significant to its finding of descriptiveness that applicant therein stated that its cryosurgical probes may include a microprocessor,

---

[3] www.merriam-webster.com/dictionary/smart.

[4] A "microprocessor" is defined as "a computer processor contained on an integrated-circuit chip; *also*: such a processor with memory and associated circuits," whereas a "microcomputer" is a "small computer usually equipped with a microprocessor; *especially*: personal computer." At www.merriam-webster.com. The Board may take judicial notice of dictionary definitions from references that are the electronic equivalent of a print reference work. *See University of Notre Dame du Lac v. J. C. Gourmet Food Imports Co., Inc.,* 213 USPQ 594 (TTAB 1982), *aff'd*, 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983); *In re Petroglyph Games, Inc.,* 91 USPQ2d 1332, 1334 n.1 (TTAB 2009).

it was not a requirement; the identification of goods in the application was broad enough to include goods with microprocessors. Here, Applicant has stated that it will equip its safes with microprocessors, and the identification of goods in the application is broad enough to include gun safes with microprocessors.

The record evidence more specifically shows that, in the field of safes, the word "smart" has been used to describe those that include microprocessors for the purpose of providing enhanced safety and security.

- The Smarthome/Home Automation Superstore website advertises a home safe known as The "Barsak AX11224 Biometric Safe with Fingerprint Lock" under the heading "Smart Organization & Storage." The safe recognizes selected fingerprints and opens only when it reads the correct fingerprints. At http://www.smarthome.com.[5]

- At ATM Marketplace.com, the expression "smart safe" is used to describe a safe that not only secures money from theft, but manages it by keeping track of the amount of currency, checks and cash deposited. "Smart safes … allow merchants to receive credit for the cash they've taken in before that cash has been deposited in the bank." At http://www.atmmarketplace.com. [6]

- Automated Business Machines offers "smart safes" that "combine the security of traditional safes/vaults with technological enhancements that allow users to receive deposit credit from their bank for any funds that are put into the safe." At http://www.abmcash.com.[7]

- The Wilson Safe Company advertises itself as a "manufacturer and distributor of Smart Safe Cash Handling Equipment" and states that it has "both coin & note accepting & dispensing systems with auditing." At http://www.wilsonsafe.com.[8]

---

[5] Attached to September 28, 2012 Office Action.

[6] Attached to April 10, 2013 Office Action.

[7] Attached to Office Action dated September 28, 2012.

[8] Attached to Office Action dated September 28, 2012.

Moreover, the record evidence shows that contemporary gun safes do include built-in microprocessors for adding enhanced features such as fingerprint recognition, greater protection against tampering, or the inadvertent opening of the safe. For example, the Smart Gun Safety Solutions website advertises

> [B]iometric gun safes [that] combine advanced biometric technology with text messaging capability to create the most secure gun safe on the market. Using state of the art emergency notification technology, our gun safes send you a text message or an email every time the safe is opened. … [I]f your wife, husband, or child opens your gun safe when you are not home, you will be notified immediately.[9]

We agree with Applicant that the goods for which it seeks to register its mark do not appear to be covered by the type of "smart safe" that tracks deposits and the contents placed into a safe. However, as shown, the term "smart" also refers to safes that read fingerprints and have other security attributes. Because the evidence shows that SMART is used to describe products that contain a microprocessor, consumers would immediately understand that when used for a gun safe that includes a microprocessor, the term SMART describes a characteristic of the safe. Based on the evidence, we find that consumers will readily understand from the word SMART that Applicant's gun safes will contain automated, technological devices such as microprocessors, making them "smart."

We next consider the term "series." The dictionary definition of "series" that has been entered into the record is "a number of things or events of the same class

---

[9] At http://www.smartgunsafetysolutions.com, attached to November 5, 2013 denial of request for reconsideration.

coming one after another in spatial or temporal succession <a concert series>."[10] Applicant's website shows that it uses "series" descriptively for several of its other lines of gun safes: the Armory Series, the Cannon Series, the Commander Series, the Patriot Series, and the Scout Series.[11] Further, the evidence shows that treating safes as a series is not uncommon in the industry; the Examining Attorney made of record copies of webpages from other safe manufacturers that also identify their safes by series names. For example, Liberty Safes offers the "Lincoln Series" of home safes,[12] and Browning Prosteel Safes offers the "Browning Pro Series" of safes for firearms and valuables.[13]

Considering the mark as a whole, the combination of the two descriptive components SMART and SERIES does not result in a mark which as a whole has a nondescriptive or incongruous meaning. Rather, each component term retains its merely descriptive significance in relation to the goods, resulting in a mark that is also merely descriptive. *See, e.g., In re Tower Tech Inc.,* 64 USPQ2d 1314, 1316-17 (TTAB 2002) (SMARTTOWER merely descriptive of commercial and industrial cooling towers that are computer-controlled or highly automated); *In re Sun Microsystems Inc.,* 59 USPQ2d 1084 (TTAB 2001) (AGENTBEANS merely

[10] At http://www.merriam-webster.com/dictionary/series, attached to Applicant's October 10, 2013 request for reconsideration.

[11] At http://www.cannonsafe.com/series.html, attached to November 5, 2013 denial of request for reconsideration.

[12] At http://www.libertysafe.com, attached to November 5, 2013 denial of request for reconsideration.

[13] At http://www.browning.com, attached to November 5, 2013 denial of request for reconsideration.

descriptive of computer programs for use in development and deployment of application programs). Accordingly, when the two terms are combined in the mark SMART SERIES for the identified goods, consumers will immediately understand it as identifying another of Applicant's various series of safes, i.e., a line of safes offering enhanced capabilities made possible by the use of microprocessors.

We find that, viewed in its entirety, the applied-for mark SMART SERIES is merely descriptive of metal safes specifically designed to store firearms.

*Decision*: The refusal to register Applicant's applied-for mark SMART SERIES under Trademark Act Section 2(e)(1) is affirmed.