This Opinion is a
Precedent of the TTAB

Mailed: March 19, 2024

UNITED STATES PATENT AND TRADEMARK OFFICE

‾‾‾‾

Trademark Trial and Appeal Board

‾‾‾‾

*In re Sheet Pile, LLC*

‾‾‾‾

Serial No. 97010763

‾‾‾‾

Tim D. Chheda of Selman Munson & Lerner for Sheet Pile, LLC.

George Murray, Trademark Examining Attorney,[1] Law Office 121,
    Richard White, Managing Attorney.

‾‾‾‾

Before Shaw, Larkin, and Cohen,
    Administrative Trademark Judges.

Opinion by Larkin, Administrative Trademark Judge:

Sheet Pile, LLC ("Applicant") seeks registration on the Principal Register of the

proposed standard-character mark ZPILE for goods identified as "Metal sheet piles,

---

[1] Trademark Examining Attorney Tricia L. Brown initially examined the involved application. It was subsequently assigned to Mr. Murray, who issued the final refusal to register from which this appeal was taken and filed the brief of the United States Patent and Trademark Office ("USPTO") on appeal. We will refer to them both as the "Examining Attorney."

metal sheet pile sections, and metal sheet pile connectors for joining metal sheet piles" in International Class 6.[2]

The Trademark Examining Attorney refused registration of Applicant's proposed mark on two grounds: (1) that the proposed mark is merely descriptive of the goods under Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1); and (2) that the proposed mark fails to function as a mark under Sections 1, 2, and 45 of the Trademark Act. 15 U.S.C. §§ 1051, 1052, and 1127.

Applicant appealed when the Examining Attorney made the refusals final. Applicant and the Examining Attorney have filed briefs.[3] We affirm the mere descriptiveness refusal and do not reach the failure-to-function refusal.

## I.  Prosecution History and Record on Appeal[4]

We briefly summarize below the prosecution history of the involved application because it provides useful background to our disposition of the appeal.

The Examining Attorney initially issued an Office Action in which she refused registration of Applicant's proposed mark on the ground that it is merely descriptive of the identified goods, but advised Applicant that it could amend its application to

---

[2] Application Serial No. 97010763 was filed on September 3, 2021 under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), based on Applicant's claim of first use of the mark and first use of the mark in commerce at least as early as December 2012.

[3] Citations in this opinion to the briefs refer to TTABVUE, the Board's online docketing system. *See New Era Cap Co. v. Pro Era, LLC*, 2020 USPQ2d 10596, at *2 n.1 (TTAB 2020). The number preceding TTABVUE corresponds to the docket entry number, and any numbers following TTABVUE refer to the page(s) of the docket entry where the cited materials appear. Applicant's brief appears at 4 TTABVUE and the Examining Attorney's brief appears at 6 TTABVUE.

[4] Citations in this opinion to the application record are to pages in the USPTO's Trademark Status & Document Retrieval ("TSDR") database.

seek registration on the Supplemental Register based on its claimed use of the proposed mark.[5] A week later, however, the Examining Attorney issued a supplemental and superseding Office Action in which she maintained the mere descriptiveness refusal, but withdrew the Supplemental Register advisory, noting that the proposed mark appeared to be generic for the involved goods and that she could not recommend amendment of the application to seek registration of the proposed mark on the Principal Register based on acquired distinctiveness under Section 2(f) of the Trademark Act 15 U.S.C. § 1052(f), or to seek registration on the Supplemental Register.[6] The Examining Attorney made of record a dictionary definition of the word "pile,"[7] and third-party webpages displaying the use of the letter "Z" in connection with sheet piles.[8]

Applicant responded to the superseding Office Action and argued against the mere descriptiveness refusal and the genericness advisory, but did not address amending its application to seek registration under Section 2(f) or on the Supplemental Register.[9] Applicant made of record third-party webpages using the phrases "Mega-Zee" series, "Zee Lightweight Sheet Piling," and "Z-Profile" in connection with sheet piles.[10]

---

[5] May 31, 2022 Office Action at TSDR 1.

[6] June 6, 2022 Office Action at TSDR 1.

[7] *Id.* at TSDR 2-4 (THE AMERICAN HERITAGE DICTIONARY).

[8] *Id.* at TSDR 5-7.

[9] August 3, 2022 Response to Office Action at TSDR 1-3.

[10] *Id.* at TSDR 4-14.

The Examining Attorney then issued a second non-final Office Action in which she continued and maintained the mere descriptiveness refusal and issued a new failure-to-function refusal.[11] She made of record additional third-party webpages displaying the phrases "Z pile" and "Z-pile" and discussing "Z piles," "Z type sheet pile," or "Z-shaped piles."[12] Applicant responded to the second non-final Office Action by arguing against the mere descriptiveness and failure-to-function refusals,[13] but did not make any additional evidence of record.

The newly-assigned Examining Attorney then issued an Office Action making final the mere descriptiveness and failure-to-function refusals.[14] He made of record additional dictionary definitions of the word "pile,"[15] and additional third-party webpages displaying the phrases "Z-Piles," "Z-shaped sheet piles," "PZ," and "Z sheet piles" in connection with sheet piles.[16]

## II.    Mere Descriptiveness Refusal

Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1), prohibits registration on the Principal Register of "a mark which, (1) when used on or in connection with the goods of the applicant is merely descriptive . . . of them," unless the mark has acquired distinctiveness under Section 2(f) of the Act.

---

[11] September 9, 2022 Office Action at TSDR 1.

[12] *Id.* at TSDR 2-17.

[13] March 7, 2023 Response to Office Action at TSDR 1-2.

[14] March 23, 2023 Final Office Action at TSDR 1.

[15] *Id.* at TSDR 2-3 (CAMBRIDGE DICTIONARY and COLLINS DICTIONARY).

[16] *Id.* at TSDR 4-6.

"A term is deemed to be merely descriptive of goods or services, within the meaning of Section 2(e)(1), if it forthwith conveys an immediate idea of an ingredient, quality, characteristic, feature, function, purpose or use of the goods or services." *In re Zuma Array Ltd.*, 2022 USPQ2d 736, at \*5 (TTAB 2022) (internal quotations and citations omitted). "A mark need not immediately convey an idea of each and every specific feature of the goods in order to be considered merely descriptive; it is enough if it describes one significant attribute, function or property of the goods." *Id.* (quoting *In re Fat Boys Water Sports LLC*, 118 USPQ2d 1511, 1513 (TTAB 2016) (citing *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009, 1010 (Fed. Cir. 1987)). In addition, "'a mark need not be merely descriptive of all recited goods or services in an application. A descriptiveness refusal is proper 'if the mark is descriptive of any of the [goods] for which registration is sought.'" *Id.*, at \*5-6 (quoting *In re Chamber of Com. of the U. S.*, 675 F.3d 1297, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012) (quoting *In re Stereotaxis Inc.*, 429 F.3d 1039, 77 USPQ2d 1087, 1089 (Fed. Cir. 2005)).

"Whether a mark is merely descriptive is evaluated in relation to the particular goods for which registration is sought, the context in which it is being used, and the possible significance that the term would have to the average purchaser of the goods because of the manner of its use or intended use," *In re Fallon*, 2020 USPQ2d 11249, at \*7 (TTAB 2020) (quoting *Chamber of Com.*, 102 USPQ2d at 1219), and "'not in the abstract or on the basis of guesswork.'" *Id.* (quoting *Fat Boys*, 118 USPQ2d at 1513) (citing *In re Abcor Dev. Corp.*, 588 F.2d 811, 200 USPQ 215, 218 (CCPA 1978)). "We ask whether someone who knows what the goods and services are will understand

the mark to convey information about them." *Id.* (quoting *Real Foods Pty Ltd. v. Frito-Lay N. Am., Inc.*, 906 F.3d 965, 128 USPQ2d 1370, 1374 (Fed. Cir. 2018) (quoting *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 103 USPQ2d 1753, 1757 (Fed. Cir. 2012)).

"Whether a mark is merely descriptive or not is determined from the viewpoint of the relevant purchasing public." *Zuma Array*, 2022 USPQ2d 736, at *8 (quoting *In re Omniome, Inc.*, 2020 USPQ2d 3222, at *5 (TTAB 2019) (quoting *Stereotaxis*, 77 USPQ2d at 1090)). The record evidence discussed below shows that the relevant consumers of the goods identified in the application include construction project designers and construction companies.

"Evidence of the public's understanding of [a] term . . . may be obtained from any competent source, such as purchaser testimony, consumer surveys, listings in dictionaries, trade journals, newspapers[,] and other publications." *Id.* (quoting *Fallon*, 2020 USPQ2d 11249, at *7 (quoting *Real Foods*, 128 USPQ2d at 1374)). "These sources may include [w]ebsites, publications and use in labels, packages, or in advertising materials directed to the goods." *Id.* (quoting *Fallon*, 2020 USPQ2d 11249, at *7-8 (quoting *In re N.C. Lottery*, 866 F.3d 1363, 123 USPQ2d 1707, 1710 (Fed. Cir. 2017) (internal quotation omitted)).

Applicant argues that its proposed mark ZPILE is not merely descriptive because the Examining Attorney "did not consider the mark as a whole" because "the Office considered 'Z' and 'PILE' individually rather than the mark as a whole for its commercial impression." 4 TTABVUE 4. According to Applicant, its proposed mark

"ZPILE for sheet piling and sheet piling connectors is similar to EPHONE for mobile phones and accessories for mobile phones (U.S. Reg. No. 4,106,953)" because "ZPILE consists of a letter followed by a word without any spaces between" and the "marks create commercial impressions distinct from electronic mobile phones as well as accessories for electronic mobile phones and particularly shaped metal sheet piles, metal sheet pile sections, as well as metal sheet pile connectors, respectively." *Id.* at 4-5.[17] Applicant also argues that the Examining Attorney erred "by providing no support or analysis for the alleged different set of facts, rather the Office only provided the bald conclusion." *Id.* at 5.

The Examining Attorney responds that "[t]he wording 'ZPILE' in the applied for mark describes the shape and form of applicant's applied for sheet pile products" and that "[a] 'Z PILE' has this designation because the single piles are shaped roughly like a horizontally stretched Z." 6 TTABVUE 8 (quotation and quotation marks omitted). He points to record evidence that he argues "demonstrates that 'Z PILE' is a widely known and frequently used term in applicant's industry describing the shape and form of applicant's applied for sheet pile goods," *id.*, citing a dictionary definition of the word "pile" and multiple webpages that refer to "Z pile" and "Z-pile" sheet pile, and discuss "Z piles," "Z type sheet pile," or "Z-shaped piles." *Id.* at 9-11.

---

[17] The Examining Attorney objects to this argument and asks the Board to disregard it because the registration to which Applicant refers was never made of record. 6 TTABVUE 12. We will consider Applicant's argument for whatever persuasive value it has because the Examining Attorney did so as well in his brief. *Id.*

The Examining Attorney rejects Applicant's argument regarding the dissection of the proposed mark, arguing that "the mark is considered as a whole with the evidence clearly addressing the combined wording 'Z PILE' being a descriptive term in applicant's industry used to refer to 'Z' shaped piling products." *Id.* at 13.

The goods here are "Metal sheet piles, metal sheet pile sections, and metal sheet pile connectors for joining metal sheet piles." The PileBuck website states that "[t]he term sheet piling refers to any retaining wall type that is a) installed into the ground by driving or pushing, rather than pouring or injection, and b) is of relatively thin cross-section and low weight so that the weight of the wall does not assist in the wall's stability," and that "[s]heet piling have been used in a wide variety of applications, especially marine bulkheads and retailing walls where space is limited."[18] According to the Eiffel Trading website, ""[s]heet piles are interlocking, shaped sections of steel that are used to create structures like retaining walls and cofferdams."[19] The PMA USA Supply LLC website states that "[s]teel sheet piling is a manufactured construction product with a mechanical connection 'interlock' at both ends of the section. These mechanical connections interlock with one another to form a continuous wall of sheet piling. Steel sheet pile applications are typically designed to create a rigid barrier between earth and water while resisting the lateral pressures of those bending forces."[20]

---

[18] September 9, 2022 Office Action at TSDR 3.

[19] *Id.* at TSDR 13.

[20] *Id.* at TSDR 15.

In the context of the involved goods, the word "pile" in Applicant's proposed mark ZPILE means "[a] heavy post of lumber, concrete, or steel, driven into the earth as a foundation or support for a structure."[21] The record shows that the letter "Z" that precedes and modifies PILE in the proposed mark ZPILE refers to sheet piling that is roughly in the shape of the letter "Z."

The Hammer & Steel website displays and discusses "Z" and "Flat Section Sheet Piles" and explains the benefits of the "Z shape of each section" of the piles as follows:



The ESC Steel LLC website displays and discusses "Z hot rolled sheet piles":

---

[21] June 6, 2022 Office Action at TSDR 3 (THE AMERICAN HERITAGE DICTIONARY).

[22] *Id.* at TSDR 7.



[23]

The PileBuck website contains an extensive discussion of sheet piling, including a section captioned "Z-Type Shapes."[24] It states that the "Z-type piling is predominantly used in retaining and floodwall applications where bending strength governs the design and no deflection (swing) between sheets is required."[25] The website also contains an article stating that the "popularity of Z pile over U shape also can be explained by cost," as "Z sheets are wider, and Z sheets fit in a template more easily," and "Z piles usually have more consistent wall thickness, and Z sheets are easier to stack up as pairs."[26]

The Eco Pultrusions website states that "[c]ommon shapes of sheet piles are Z pile and box pile" and displays drawings of both:

---

[23] *Id.* at TSDR 5.

[24] September 9, 2022 Office Action at TSDR 3.

[25] *Id.*

[26] *Id.* at TSDR 4.



The JD Fields & Company website contains a page captioned "Sheet Piling 101" referencing the "Z" shape of certain sheet piles and stating that "'Z' pile interlocks are located on the outer edges of the section, which not only results in higher module and inertial properties, but the interlock rotation issue does not apply."[28]

The SheetPile.us 2021 Product Catalog states that the WADT sealant, which waterproofs sheet pile, "is available for use anywhere with any type of sheet pile," including "Z-Pile."[29]

The Eiffel Trading website states that "[s]ome of the most widely-used sheet pile is the Z-shape, hot rolled sheet pile. Z sheet piles are known by the continuous forms of the web, and the specific location of the interlocks. Z-pile's specific shape help improve the accuracy of alignment during placement."[30]

---

[27] *Id.* at TSDR 7.

[28] *Id.* at TSDR 9.

[29] *Id.* at TSDR 12.

[30] *Id.* at TSDR 13.

The PMA USA Supply LLC website compares "Z – Pile" to PS piles, which the site states offer minimal beam strength.[31]

A page from the lbfoster.com website displays schematic drawings of a "Z Pile Profile" and a "Cover Plated Z Profile":



[32]

The Nucor Skyline website shows and discusses "Z-Piles" and "Z-shaped Sheet Piles":



[33]

The website also discusses and shows "Types of Z-piles."[34]

---

[31] *Id.* at TSDR 15.

[32] *Id.* at TSDR 16.

[33] March 23, 2023 Final Office Action at TSDR 4.

[34] *Id.*

This evidence, which Applicant addresses only in passing in its discussion of the failure-to-function refusal, 4 TTABVUE 2-3, establishes that in the context of the "metal sheet piles," "metal sheet pile sections," and "metal sheet pile connectors for joining metal sheet piles" identified in the application, the letter "Z" describes and refers to a particular shape and type of sheet pile known by construction project designers and construction companies. When "Z" is combined with the generic word "PILE" to form the proposed mark ZPILE, the resulting combination immediately describes for construction project designers and construction companies a feature or characteristic of the goods, namely, that they are or pertain to the well-known "Z" shape of sheet pile. The Examining Attorney thus established a prima facie case of mere descriptiveness, shifting the burden of rebuttal to Applicant, *Zuma Array*, 2022 USPQ2d 736, at *8, and Applicant did not carry that burden. We find, based on the record as a whole, that Applicant's proposed mark ZPILE is merely descriptive of the goods identified in the application. Because we have found the proposed mark to be merely descriptive, it is ineligible for registration and we need not and do not reach the refusal that ZPILE fails to function as a mark because it is merely informational matter.

Nevertheless, we note that the failure-to-function refusal as articulated by the Examining Attorney in this case is effectively based on the same evidence and analysis as the mere descriptiveness refusal. The Examining Attorney determined for purposes of the mere descriptiveness refusal that "the applied-for mark primarily describes a feature or characteristic of applicant's sheet pile goods, namely, the shape

or form of these products," 6 TTABVUE 11, and for purposes of the failure-to-function refusal that "consumers would perceive the applied-for mark Z PILE [sic] to convey information about the applicant's piling goods, namely, that they are Z shaped piles." *Id.* at 6. The impact of the respective refusals is different, however, inasmuch as an applicant may overcome a mere descriptiveness refusal by submitting sufficient evidence of acquired distinctiveness under Section 2(f) or by amending to seek registration on the Supplemental Register, but a failure-to-function refusal based on a finding that a term is merely informational would be an absolute bar to registration, affording the applicant no such option to overcome the refusal.

Because the distinctiveness continuum includes a threshold absolute bar to registration for generic terms—terms that by definition fail to function as source identifiers—this continuum (rather than an informational matter failure-to-function refusal) provides the appropriate framework for the assessment of registrability based on the rationale articulated by the Examining Attorney in this case—i.e., that the goods at issue "are Z-shaped piles." 6 TTABVUE 6. Although the Examining Attorney has advised Applicant that the proposed mark appears to be generic for the identified goods, "[a]dvisory statements are not refusals subject to appeal," *In re Nat'l Ass'n of Veterinary Technicians in Am., Inc.*, 2019 USPQ2d 269108, at *2 n.11 (TTAB 2019) (citations omitted), and "genericness is not at issue in this appeal," *Id.*, at *2, and affirming the mere descriptiveness refusal is sufficient to resolve this appeal.

**Decision**: The mere descriptiveness refusal to register under Section 2(e)(1) of the Trademark Act is affirmed.