This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Baxley

Mailed: December 27, 2012

Opposition No. **91195901**

ChaCha Search, Inc.

v.

Grape Technology Group, Inc.

Before Bergsman, Shaw and Kuczma,
Administrative Trademark Judges.

By the Board:

ChaCha Search, Inc. ("ChaCha") instituted a combined opposition and cancellation proceeding against Grape Technology Group, Inc. ("Grape"). The sole remaining claim is Grape's counterclaim to cancel ChaCha's pleaded Registration No. 3504586 for the mark 242242 in standard character form for "[p]roviding search engine services for obtaining specific user-requested information via text messaging, instant messaging, mobile internet, voice messaging, and wireless devices" in International Class 42.[1] The counterclaim asserts that the mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C.

---

[1] 242242 corresponds on the telephone dial to CHACHA.

§ 1052(e)(1), and has not become distinctive under Trademark Act Section 2(f), 15 U.S.C. § 1052(f).[2]

This case now comes up for consideration of the following motions: (1) ChaCha's motion (filed December 21, 2011) for summary judgment in its favor on the counterclaim on the ground that the involved 242242 mark is not merely descriptive; (2) Grape's motion (filed February 13, 2012) for leave to file an amended counterclaim; and (3) Grape's

---

[2] ChaCha opposed registration of Grape's applications to register the marks 542 542 and design in the following form,   , for "[s]earch engine services, namely, providing search engines for obtaining data on a global computer network; search engine services, namely, providing specific information as requested by customers via the Internet in the nature of customized searching; providing search engine services for obtaining specific user requested information via the Internet, telephone, text messaging, media messaging, instant messaging, mobile Internet, email, voice messaging, and wireless devices" in International Class 42 (application Serial No. 77794327), and K 5 G 4 B 2 K 5 G 4 B 2 and design in the following form,   , for "[t]elecommunications services, namely, two way sms (short message services) messaging for search inquiries" in International Class 38 (application Serial No. 77592080).

  Also, in Cancellation No. 92052970, which was consolidated with this opposition, ChaCha sought cancellation of Grape's Registration No. 3773707 on the Supplemental Register for the mark 542 542 in standard character form for "[t]elecommunications services, namely, two way sms (short message service) messaging for search inquiries" in International Class 38.

  In both the opposition and cancellation, ChaCha alleged likelihood of confusion with its 242242 mark under Trademark Act Section 2(d), 15 U.S.C. § 1052(d).

  After Grape filed express abandonments of its opposed applications and a voluntary surrender of its registration, all without ChaCha's written consent, the Board entered judgment against Grape in both the opposition and the cancellation.

  Subsequently, the Board denied ChaCha's motion for judgment on the pleadings dismissing the counterclaim.

cross-motion (also filed February 13, 2012) for summary judgment on the counterclaim, which was incorporated into its brief in response to ChaCha's motion for summary judgment, on the ground that 242242 does not function as a mark.

Grape's Motions for Leave to Amend and Summary Judgment

Under Fed. R. Civ. P. 15(a), leave to amend pleadings shall be freely given when justice so requires. Consistent therewith, the Board liberally grants leave to amend pleadings at any stage of the proceeding when justice requires, unless entry of the proposed amendment would violate settled law or be prejudicial to the rights of the adverse party or parties. See, e.g., *Commodore Electronics Ltd. v. CBM Kabushiki Kaisha*, 26 USPQ2d 1503 (TTAB 1993); *United States Olympic Committee v. O-M Bread Inc.*, 26 USPQ2d 1221 (TTAB 1993).

The timing of the motion for leave to amend is a major factor in determining whether respondent would be prejudiced by allowance of the proposed amendment. See TBMP Section 507.02 (3d ed. rev. 2012) and cases cited therein. A motion for leave to amend should be filed as soon as any ground for such amendment, e.g., newly discovered evidence, becomes apparent. A long delay in filing a motion for leave to amend may render the amendment untimely. See

*Int'l Finance Company v. Bravo Co.*, 64 USPQ2d 1597, 1604 (TTAB 2002). Any party who delays filing a motion for leave to amend its pleading and, in so delaying, causes prejudice to its adversary, is acting contrary to the spirit of Rule 15(a) and risks denial of that motion. See *Media Online Inc. v. El Clasificado Inc.,* 88 USPQ2d 1285, 1286 (TTAB 2008) (motion for leave to amend denied where proposed new claims were based on facts within petitioner's knowledge at the time petition to cancel was filed).

The electronic cover sheet of the answer and counterclaim that Grape filed on November 19, 2010 indicates that the only ground upon which Grape then sought cancellation of ChaCha's Registration No. 3504586 is that the involved 242242 "mark is merely descriptive [under] Trademark Act Section 2(e)(1)." The text of that counterclaim is set forth as follows:

> 30. The alleged mark "242242" is merely descriptive of the services offered by ChaCha, because it immediately conveys information about the characteristics of the services offered in connection with the alleged mark (being recognized by users of text services as a number for contacting the providers of text message services) and it is a number used by its users to obtain the services involved here. SMS numbers, like telephone numbers used to obtain services from companies via land-based telephone lines, are merely descriptive of such services.

> 31. Upon information and belief, the alleged 242242 mark had not become distinctive of the

4

> services offered in connection with it and no customer recognition of the term as a valid mark identifying ChaCha as the source of particular text services had been achieved at the time that ChaCha filed its application to register 242242 on the Principal Register of the United States.
>
> 32. If ChaCha is permitted to retain the registration sought to be cancelled, [Grape] will be damaged by the registration in that prima facie effect of the registration tends to impair [Grape]'s right and the right of its affiliate kgb USA, Inc. to descriptive use of SMS numbers similar to the SMS number that is the subject of the '586 Registration, and ChaCha will have a right to assert its rights in the descriptive term against [Grape], kgb USA, Inc., and other users of similar descriptive terms.

We agree with ChaCha that the counterclaim alleges only mere descriptiveness and lack of acquired distinctiveness. We further note that, in denying ChaCha's motion for judgment on the pleadings on the counterclaim, we stated that there were "at a minimum, genuine disputes of material fact in regard to essential elements of [Grape]'s counterclaim of mere descriptiveness and lack of acquired distinctiveness." September 20, 2011 order at 7.

Grape's assertion that its proposed new allegations merely seek to amplify the allegations previously raised in the original counterclaim is not well-taken. By seeking to add allegations regarding the alleged failure of the 242242 mark to function as a service mark, Grape is clearly seeking to add a new ground for cancellation of ChaCha's

registration.[3]  A claim that a mark is merely descriptive relates to the character of the mark at issue, while a claim that matter does not function as a mark is generally tied to the manner in which that matter is used.  Compare TMEP Section 1202 *et seq.* and 1209 *et seq.* (October 2012) and authorities cited therein.

Grape's assertion that it implicitly pleaded the new ground for cancellation in the original counterclaim is also not well-taken.  Pleadings are intended to provide fair notice of the claims and defenses asserted in a case or proceeding.  See TBMP Section 506.01 and authorities cited therein.  As such, a defendant should not be required to guess the claims against which it is defending.  If Grape intended to plead a claim of failure to function as a mark, it was incumbent upon Grape to plead that claim.

Further, Grape is seeking to add this new ground after it had served its pretrial disclosures – the date for which had already been extended twice – and after ChaCha had filed a motion for summary judgment.  Accordingly, we find that Grape unduly delayed in filing its motion.  Grape's briefs in connection with the motions decided in this order

---

[3] We treat Grape's allegation that ChaCha submitted an unacceptable specimen in the application for its involved registration as part of the failure to function as a mark claim and not as a separate claim.

indicate that Grape's proposed additional ground is based on its review of the specimen of use that ChaCha filed in the application for the involved registration.[4]  Thus, the facts upon which that ground is based presumably were within Grape's knowledge at the time the counterclaim was filed and it first reviewed and targeted ChaCha's registration.  See *Trek Bicycle Corp. v. StyleTrek Ltd.*, 64 USPQ2d 1540 (TTAB 2001).  However, Grape did not file the motion for leave to amend its counterclaim until:  (1) nearly fifteen months after the filing date of the counterclaim, (2) nearly five months after the Board denied ChaCha's motion for judgment on the pleadings in the counterclaim, wherein the Board reiterated that the only grounds for cancellation in the counterclaim were mere descriptiveness and lack of acquired distinctiveness, and (3) more than two months after the filing of ChaCha's motion for summary judgment in its favor dismissing the counterclaim on that ground.

Grape contends that its delay in seeking leave to amend was due in part to the fact that the parties were in settlement negotiations.  However, those negotiations ended

---

[4] The USPTO file for ChaCha's involved registration is available online at http://tsdr.uspto.gov/.

in July 2011, nearly seven months prior to the filing of its motion.

Grape also contends that neither party took discovery with regard to the counterclaim. However, this argument indicates that, instead of being based on information obtained through discovery or by other means after the filing of the answer and counterclaim, the proposed additional claim is based on information that was available to Grape when it first filed the counterclaim and that Grape only thought to seek leave to add the proposed additional claim after ChaCha filed its motion for summary judgment.

Grape contends in addition that the parties did not focus on Grape's counterclaim until after disposition of ChaCha's opposition and cancellation claims. However, any potential bases for the counterclaim should have been fully considered prior to the filing of the counterclaim, i.e., long before Grape filed its motion for leave to file an amended counterclaim. Cf. *Great Seats Inc. v. Great Seats Ltd.*, 100 USPQ2d 1323, 1328 (TTAB 2011) ("opposer should have been cognizant of what evidence it would need to establish its claims and how it would obtain that evidence long before settlement discussions were terminated").

8

The Board also finds that ChaCha would suffer prejudice if Grape is permitted to add the new claim at this juncture. It is incumbent upon Grape to identify all claims promptly to provide ChaCha with proper notice. Otherwise, allowing piecemeal prosecution of this case would reward Grape for its apparent haphazardness and would unfairly prejudice ChaCha by increasing the time, effort, and money that respondent would be required to expend to defend against an additional basis for Grape's challenge to its registration. See *Media Online Inc. v. El Clasificado Inc.*, 88 USPQ2d 1285, 1287 (TTAB 2008).

Accordingly, we find on the record before us, that Grape unduly delayed seeking to add its failure to function as a mark claim. Grape's motion for leave to file an amended counterclaim is denied.

In view of such denial, Grape cannot seek or obtain judgment on its unpleaded ground that the 242242 mark does not function as a mark. See TBMP Sections 314 and 528.07(a). Accordingly, Grape's cross-motion for summary judgment on that claim is denied.

ChaCha's Motion for Summary Judgment

We now turn to ChaCha's motion for summary judgment on the ground that the 242242 mark is not merely descriptive under Trademark Act Section 2(e)(1). In support thereof,

ChaCha contends that the 242242 mark does not identify any quality, characteristic, function, feature, purpose, or use of its mobile search services; that the USPTO routinely allows registration of telephone numbers, domain names, and marks composed entirely of numbers on the Principal Register without a showing of acquired distinctiveness; that, as a matter of law, the 242242 mark is inherently distinctive; that Grape's position that the 242242 mark is not entitled to registration as an inherently distinctive mark merely because it is an SMS code is contrary to USPTO practice and applicable case law; that a telephone number or domain name that does not consist of a merely descriptive term is registrable as an inherently distinctive mark; and that, if Grape's position that the 242242 mark is descriptive because it conveys to the user of the identified services the information necessary to obtain ChaCha's services were correct, then no telephone number or domain name would be registrable without a showing of acquired distinctiveness. Accordingly, ChaCha contends that there is no genuine dispute that its 242242 mark is not descriptive and therefore asks that its motion for summary judgment be granted.

ChaCha's evidence in support of its motion includes: (1) a copy of application Serial No. 77396309, which

matured into its involved Registration No. 3504586 for the 242242 mark; (2) a copy of Registration No. 3504586; (3) a declaration of Eugene O'Donnell, ChaCha's "Director, Intellectual Property," who avers that the 242242 mark does not identify any quality, characteristic, function, feature, purpose, or use of ChaCha's mobile search services; (4) copies of fifteen third-party registrations for marks that are numeric and alphanumeric telephone numbers which are registered without reliance on Trademark Act Section 2(f), 15 U.S.C. § 1052(f); (5) copies of fifteen third-party registrations for marks that appear to be website domain names; and (6) copies of thirteen third-party registrations for marks that consist entirely of numbers.

In opposition to ChaCha's motion, Grape contends that ChaCha cannot point to any rule or precedent that supports the premise that a telephone number is inherently distinctive; that 242242 describes a "telephone system network address from which ChaCha offers its services;" that registration of similar marks is not evidence that the mark in any subsequent application should be approved; and that "the fact that the marks are presented as telephone numbers gives rise to an inference that they are ... descriptive," and the Patent and Trademark Office has

established "a bright line examination rule that requires alphanumeric telephone number marks to be deemed registrable [only] if there are word elements in the alphanumeric telephone number that are not descriptive or generic of the goods or services offered in association with the alleged mark."  Grape further contends that because 242242 is the SMS number through which users will be able to obtain the ChaCha search services, that mark is merely descriptive.  Accordingly, Grape asks that the Board deny ChaCha's motion for summary judgment. Grape's evidence in support of its motion consists of:  (1) a copy of the specimen of use that ChaCha submitted in support of the application for its registration, and (2) a declaration of Simon Booth, Grape's "Technical Team Leader," who avers that SMS numbers are three-to-six-digit numbers used to send messages between mobile phones, and who provides information on the development of SMS numbers.

In reply to Grape's opposition to its motion for summary judgment, ChaCha contends that Grape is seeking to stretch the meaning of merely descriptive well beyond its current meaning; that none of the cases cited by Grape stand for the proposition that any mark that is used as an SMS number or telephone number should be considered merely descriptive; and that Grape's contention that use of a mark

12

as a telephone or SMS number gives rise to an inference that such number is descriptive is unsupported.

ChaCha's evidence in support of its reply brief consists of a declaration of Eugene O'Donnell, ChaCha's "Director, Intellectual Property," which introduces additional samples of advertising and promotional materials which he contends show use of the 242242 mark as a service mark.

Summary judgment is an appropriate method of disposing of cases in which there are no genuine disputes as to material facts, thus leaving the case to be resolved as a matter of law. See Fed. R. Civ. P. 56(c). In deciding motions for summary judgment, the Board must follow the well-established principles that, in considering the propriety of summary judgment, all evidence must be viewed in a light favorable to the non-movant, and all justifiable inferences are to be drawn in the nonmovant's favor. The Board may not resolve disputes of material fact; it may only ascertain whether such disputes are present. See *Lloyd's Food Products Inc. v. Eli's Inc.*, 987 F.2d 766, 25 USPQ2d 2027 (Fed. Cir. 1993); *Opryland USA Inc. v. Great American Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992); *Olde Tyme Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992).

When the moving party's motion is supported by evidence sufficient to indicate that there is no genuine dispute as to any material fact, and that the moving party is entitled to judgment, the burden shifts to the nonmoving party to demonstrate the existence of specific genuinely-disputed facts that must be resolved at trial. The nonmoving party may not rest on the mere allegations of its pleadings and assertions of counsel, but must designate specific portions of the record or produce additional evidence showing the existence of a genuine issue of material fact for trial. In general, to establish the existence of disputed facts requiring trial, the nonmoving party "must point to an evidentiary conflict created on the record at least by a counterstatement of facts set forth in detail in an affidavit by a knowledgeable affiant." *Octocom Systems Inc. v. Houston Computers Services Inc.*, 918 F.2d 937, 941, 16 USPQ2d 1783, 1786 (Fed. Cir. 1990).

Under Trademark Act Section 2(e)(1),

> No trademark by which the goods of the applicant
> may be distinguished from the goods of others
> shall be refused registration on the principal
> register on account of its nature unless it ...
> (e) Consists of a mark which, (1) when used on or
> in connection with the goods of the applicant is
> merely descriptive or deceptively misdescriptive
> of them....

A mark consisting of a telephone number is merely descriptive only if that mark describes an ingredient, quality, characteristic, function, feature, purpose, or use of the specified goods or services.  See *In re Dial-A-Mattress Operating Corp.,* 240 F.3d 1341, 57 USPQ2d 1807, 1812 (Fed. Cir. 2001) ("'1-888-M-A-T-R-E-S-S' … immediately conveys the impression that a service relating to mattresses is available by calling the telephone number."); *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987).  Compare *In re Page*, 51 USPQ2d 1660 (TTAB 1999) (888 PATENTS merely descriptive of patent-related legal services).

After reviewing the parties' arguments and evidence we find that there is no genuine dispute that the 242242 mark does not identify an ingredient, quality, characteristic, function, feature, purpose, or use of the specified services.  ChaCha's specimen of use, which both parties submitted in connection with the cross-motions for summary judgment, indicates that 242242 corresponds on the telephone dial to CHACHA.  Grape's Section 2(e)(1) counterclaim is essentially based on its position that the 242242 mark is merely descriptive because it identifies the SMS number through which customers obtain ChaCha's services.  However, it does not follow that, because the

15

SMS number 242242 provides the means of accessing ChaCha's services, such SMS number identifies an ingredient, quality, characteristic, function, feature, purpose, or use of "[p]roviding search engine services for obtaining specific user-requested information via text messaging, instant messaging, mobile internet, voice messaging, and wireless devices."[5]  ChaCha has provided substantial evidence that the USPTO has registered some telephone numbers and domain names without reliance upon Trademark Act Section 2(f).  We acknowledge that third-party registrations are not conclusive on the question of descriptiveness.  See TMEP Section 1209.03(a).  Nonetheless, in view of the incorrect basis for Grape's Section 2(e)(1) claim, we find that ChaCha has met its initial burden of establishing that there is no genuine dispute that the mark is not merely descriptive and that it is entitled to entry of judgment.

In response, Grape has failed to demonstrate the existence of specific genuinely disputed facts that must be resolved at trial.  Rather, Grape's assertion that "the fact that the marks are presented as telephone numbers gives rise to an inference that they are functional and

---

[5] Indeed, if Grape's position were legally correct, no telephone number or domain name would be registrable without reliance upon Trademark Act Section 2(f).

descriptive" is unsupported and incorrect. Even if we assume, as Grape argues, that "the Examination Guidelines in the *TMEP* do not begin with the proposition that telephone numbers *per se* are registrable," Section 2 of the Trademark Act states that "[n]o trademark ... shall be refused registration," unless it meets specific bases for such refusal.[6] (emphasis in original).

Beyond its position that 242242 is merely descriptive because it is the SMS number through which customers access ChaCha's services, Grape has failed to explain how 242242 identifies an ingredient, quality, characteristic, function, feature, purpose, or use of "[p]roviding search engine services for obtaining specific user-requested information via text messaging, instant messaging, mobile internet, voice messaging, and wireless devices". Accordingly, we find that Grape has failed to demonstrate the existence of specific genuinely disputed facts for trial on its mere descriptiveness claim.

In view thereof, ChaCha's motion for summary judgment in its favor on Grape's counterclaim under Trademark Act

---

[6] *Holiday Inns, Inc. v. 800 Reservation, Inc.*, 86 F.3d 619 (6th Cir. 1996), upon which Grape relies, is inapplicable to this proceeding. In that case, defendant's numeric telephone number (1-800-405-4329) was found not to infringe upon plaintiff's trademark rights in 1-800-HOLIDAY, which corresponds to 1-800-465-4329 on the telephone dial. Whether or not either numeric telephone number was descriptive was not at issue in that case.

Section 2(e)(1) is granted.  Grape's counterclaim is dismissed with prejudice.